**Peggy V. GRISSOM, Plaintiff,**

v.

**DAYCO PRODUCTS, INC., Defendant.**

**Civ. A. No. 89–2169–V.**

United States District Court,
D. Kansas.

Feb. 7, 1991.

David O. Alegria, McCullough, Wareheim & La Bunker, P.A., Topeka, Kan., for plaintiff.

K. Gary Sebelius, Catherine A. Walter, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Peggy V. Grissom brought this diversity of citizenship action against a number of defendants claiming that she had been illegally discharged from her job in retaliation for filing a workers' compensation claim. Defendant Dayco Products, Inc., the sole remaining defendant,[1] has moved the court (Doc. 34) to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6). Defendant contends that the claims brought against it are barred by the applicable Kansas two-year statute of limitations, K.S.A. 60–513(a)(4). Plaintiff Peggy V. Grissom has responded (Doc. 51) and opposes defendant's motion. Because the parties refer to matters outside the pleadings, we will treat defendant's motion as one for summary judgment. Fed.R.Civ.P. 12(b)(6).

On November 19, 1990, pursuant to D.Kan.Rule 206(d), the court heard oral arguments on defendant's motion. Plaintiff appeared by counsel David O. Alegria. Defendant appeared by counsel Catherine A. Walter. After hearing oral arguments of counsel, the court took the issue under advisement. Having now reviewed the material introduced into evidence at the hearing, the parties' memoranda, and the record of the case, the court is prepared to rule. For the reasons stated below, defendant's motion is denied.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrat-

---

1. Former defendants Day International Corporation and M.A. Hanna Company were dismissed from this case by stipulation (Doc. 100) and are no longer parties to this case.

ing the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

*Factual Background*

For the purposes of this motion the following facts are accepted as true. On September 16, 1986, plaintiff was injured at work. At the time, she was employed by Dayco Corporation at its rubber plant located at Fort Scott, Kansas. As a result of her injuries, plaintiff was eventually awarded workers' compensation benefits under K.S.A. 44–501, *et seq.*

On October 24, 1986, Armstrong Rubber Company purchased the Fort Scott plant from Dayco Corporation. Simultaneously, Armstrong Rubber Company formed Dayco Products, Inc., a wholly owned subsidiary, for the purposes of operating the Fort Scott plant. Thus, after October 24, 1986, plaintiff was employed by Dayco Products, Inc.

On March 6, 1987, Dayco Corporation, plaintiff's former employer, changed its name to Day International Corporation. In September, 1987, M.A. Hanna Company acquired Day International Corporation. From September, 1987, plaintiff received workers' compensation benefits from an entity designated "Dayco/M.A. Hanna Co."

On April 16, 1987, plaintiff was discharged from her job. Nearly two years later, on April 11, 1989, plaintiff's counsel notified "Dayco" that he intended to file a lawsuit for retaliatory discharge. On April 12, 1989, plaintiff's counsel spoke with an employee of "Dayco" concerning the impending lawsuit. The next day, April 13, 1989, within the applicable statute of limitations (two-years, K.S.A. 60–513(a)(4)), plaintiff's counsel filed the instant retaliatory discharge action against "Dayco," a/k/a Day International Corporation, and M.A. Hanna Company. On April 14, 1989, The Corporation Company, Inc., the registered agent for both Day International Corporation and Dayco Products, Inc., was served with process.

Thereafter, on July 17, 1989, plaintiff filed a Motion for Leave to Amend her Complaint to join Dayco Products, Inc., as a defendant. On August 7, 1989, this court sustained plaintiff's Motion for Leave to Amend (Doc. 15). Dayco Products, Inc., was served with process on August 10, 1989. Since that time, defendants Day International Corporation and M.A. Hanna Company have been dismissed from the case. Dayco Products, Inc., remains as the sole defendant in this action.

*Discussion*

In its motion, defendant contends that plaintiff's amended complaint is barred by the applicable two-year statute of limitations, K.S.A. 60–513(a)(4). Defendant asserts that plaintiff's cause of action accrued on the date of her dismissal, April 16, 1987, but it was not given notice of the instant lawsuit until April 18, 1989, and was not served with process until August 10, 1989. This gives rise to defendant's argument that plaintiff's claims are barred by the two-year statute of limitations. Defendant also contends that, because it received no notice of this lawsuit until after the limitations period had run, plaintiff's amended complaint does not relate back to the filing of her original complaint under Fed.R.Civ.P. 15(c). Plaintiff claims that her amended complaint relates back to the filing date of her original complaint under Fed.R.Civ.P. 15(c) and is therefore timely.

Fed.R.Civ.P. 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against the party.

The issue here is whether the amended complaint, concededly filed outside the period of limitations, relates back to the original complaint, filed on April 13, 1989, within the limitations period. The United States Supreme Court has stated that relation back under Fed.R.Civ.P. 15(c) is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against him; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). Generally, the linchpin of this type of case is notice, and notice within the limitations period. *Id.* at 31, 106 S.Ct. at 2385.

 We conclude from a review of the record that plaintiff has failed to satisfy all four factors. Defendant was not given "notice of the institution of the action" within the period of limitations. *See* Fed. R.Civ.P. 15(c). We are of the opinion that plaintiff's counsel's certified letter and telephone discussion with "Dayco," prior to the expiration of the limitations period, warning "Dayco" of an impending lawsuit is insufficient to give "notice of the institu-

tion of the action." *See Archuleta v. Duffy's, Inc.,* 471 F.2d 33, 35 (10th Cir.1973). Moreover, we conclude that the named defendants in the original complaint are not closely related to the present defendant so that a suit against the former would to put the latter on notice. Furthermore, we conclude that service of the original complaint on the agent for service of process where the defendant was designated as "Dayco," a/k/a Day International Corporation, did not give notice to Dayco Products, Inc., of the "institution of the action," despite the fact that the agent who was served with process was also authorized to receive process for Dayco Products, Inc. Because defendant was not given notice of the "institution of the action" until after the limitations period had expired, we conclude that plaintiff's amended complaint does not relate back to her original complaint under Fed.R.Civ.P. 15(c).

 However, we also conclude that equitable principles may forbid dismissal of this case. Kansas courts have held that a party may be equitably estopped from asserting a statute of limitations defense. *See Bowen v. Westerhaus,* 224 Kan. 42, 578 P.2d 1102 (1978); *Levi Strauss & Co. v. Sheaffer,* 8 Kan.App.2d 117, 650 P.2d 738 (1982). In *Levi Strauss,* the Kansas Court of Appeals reviewed the law concerning equitable estoppel and its relationship to the statute of limitations:

Equitable estoppel is the effect of the voluntary conduct of a person whereby he is precluded, both at law and in equity, from asserting rights against another person relying on such conduct. A party asserting equitable estoppel must show that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe that certain facts existed. It must also show it rightfully relied and acted upon such a belief and would now be prejudiced if the other party were permitted to deny the existence of such facts ...

Our general statement of the doctrine which runs throughout the cases in which it is asserted is that a defendant, who has acted in such a fashion that his

conduct is sufficient to lull his adversary into a false sense of security forestalling the filing of suit until after the statute has run, will be precluded from relying on the bar of the statute.

*Id.,* 8 Kan.App.2d at 122–23, 650 P.2d 738 (cites omitted).

The record of this case discloses that defendant may have misled plaintiff as to its true identity until after the limitations period had expired. Plaintiff, while employed by defendant Dayco Products, Inc., received letters from Dayco Products, Inc., on Dayco Corporation letterhead. Plaintiff's workers' compensation benefits were being paid by an entity designated as "Dayco/M.A. Hanna Co." Yet, at one time, plaintiff received a letter pertaining to her benefits on Dayco Products, Inc., stationery. There is, in the record, material supporting the proposition that Dayco Products, Inc., held themselves out simply as "Dayco." Conversely, we note that there is material in the record that tends to demonstrate that Dayco Products, Inc., was plaintiff's employer at the time of her discharge.

However, the record also fails to satisfy us, as a matter of law, that defendant is estopped from relying on the bar of the statute of limitations. In *Bowen v. Westerhaus,* the Kansas Supreme Court, addressing a similar situation, stated that "the type of conduct which is sufficient to give rise to an estoppel generally raises a question of fact unless the facts are stipulated to or depend upon the interpretation of unambiguous documents." *Id.,* 224 Kan. at 48, 578 P.2d 1102. We conclude that the issue of whether defendant misled defendant as to its true identity until after the period of limitations expired is a question of fact that should be determined by the trier of fact. Plaintiff must show, at trial, that defendant is estopped from asserting the statute of limitations as a bar to this action. Because we have concluded that a question of fact exists, under the standards enunciated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, defendant's motion is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion for summary judgment (Doc. 34) of defendant Dayco Product, Inc., is denied.

Copies of this memorandum and order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.