David **PORTER**, Appellant,

v.

**GOOD EAVESPOUTING d/b/a Good Construction Company, Appellee.**

No. 92–337.

Supreme Court of Iowa.

Aug. 25, 1993.

Rehearing Denied Sept. 21, 1993.

John C. Conger of Wiggins & Anderson, P.C., West Des Moines, for appellant.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The district court denied the plaintiff's motion for leave to amend because the plaintiff had failed to show that notice of the suit had been given to the prospective defendants "within the period provided by law for commencing the action." *See* Iowa R.Civ.P. 89. The court also granted the defendant's motion for summary judgment because the named defendant was not a legal entity. On appeal, the court of appeals affirmed the trial court. Upon our review, we vacate the court of appeals decision, affirm the district court's ruling upon the motion for leave to amend, and reverse the district court's summary judgment and dismissal of the action.

I. *Background.*

David Porter filed suit against Good Eavespouting d/b/a Good Construction Company on January 10, 1991. The petition stated the defendant was a company with its principal place of business in Marshall County, Iowa. Porter alleged he was injured on January 11, 1989, while he was working at a house being constructed by the defendant. He claimed steps in the house fell and that, as a result of the defendant's negligence, he sustained injury and damages.

On May 16, 1991, the court administrator mailed to the parties or their attorney a 120-day notice advising that a trial setting conference was set for September 16. The defendant filed an answer to the petition on September 6. The answer included three affirmative defenses: (1) the defendant was not a legal entity, (2) the plaintiff was at fault, and (3) the plaintiff's use of the steps at the house constituted a gratuitous bailment.

The defendant also filed on September 6 a jury demand, a notice of serving interrogatories, and a motion for summary judgment. The motion for summary judgment urged that the defendant was not a legal entity and the action should be dismissed. Attached to the motion was the affidavit of Larry Good. In his affidavit, Good stated he resides and conducts businesses known as Good's Con-

struction Co., Good's Eavespouting, Co., and Good's L–S Storage Rental in Marshalltown, Iowa. He further stated there is no corporation known as Good Construction Company, nor had he ever done business as Good Eavespouting or Good Construction Company. He stated:

I have reviewed the Original Notice in the case of David Porter, plaintiff v. Good Eavespouting a/k/a Good Construction Company, defendant, in No. CV77–0191, now pending in the Marshall County District Court. I know of my own knowledge that there is no legal entity known as Good Eavespouting doing business in Marshall County, Iowa, and I further know of my own knowledge that there is no entity known as Good Construction Company doing business in Marshall County, Iowa.

On December 2 the court set the motion for summary judgment for hearing. Prior to hearing, Porter filed an affidavit and a copy of a letter to him in resistance to the summary judgment motion. The affidavit stated that after Porter was injured, he was contacted by representatives of an insurance company who indicated they insured Good Eavespouting and Good Construction Company, the company that was building the house at the location where he was injured. The letter, dated December 10, 1990, from the insurance company to Porter identified the insured as Good Eavespouting and the date of the loss as January 11, 1989. Recognizing that time was of the essence, the insurer included with the letter a draft for $5000 and a general release for execution by Porter and his wife. The letter suggested "If you decide not to accept our offer, please return the draft and release in that same envelope and please contact me so that we might find a way to settle this matter."

In addition to filing an affidavit and letter in resistance to the summary judgment motion, Porter filed a motion for leave to amend his petition. The proposed amendment would add Larry Good and Sandra Good, individually, as defendants. The district court ordered hearing upon the motion for leave to amend to be held with the hearing upon the motion for summary judgment. Following hearing, the district court denied the motion for leave to amend, granted the defendant's motion for summary judgment and dismissed the action.

Porter appealed from the court's ruling, order and dismissal. We transferred the appeal to the Iowa Court of Appeals. The Iowa Court of Appeals, in a per curiam opinion, affirmed the district court. The court of appeals found the trial court properly denied the motion for leave to amend because the plaintiff failed to meet the notice requirements of Iowa Rule of Civil Procedure 89. The appellate court also found the trial court properly granted the motion for summary judgment on the ground that the named defendant did not exist and the action was barred by the statute of limitations. Porter secured different counsel who then made application for further review. Iowa R.App.P. 402. We granted the application.

## II. *Motion for leave to amend.*

■ Leave to amend pleadings should be freely given by the court when justice so requires. Iowa R.Civ.P. 88. The trial court has considerable discretion in granting or denying a motion for leave to amend; we will reverse only when a clear abuse of discretion is shown. *M–Z Enterprise v. Hawkeye-Security Ins. Co.,* 318 N.W.2d 408, 411 (Iowa 1982). Amendments that change the party against whom a claim is asserted are subject to the requirements of rule 89. This rule, adopted in 1976, provides in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by the amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the

proper party, the action would have been brought against him.

A civil action is commenced by filing a petition with the court. Iowa R.Civ.P. 48. The filing of a petition is deemed the commencement of the action for the purpose of determining whether an action was commenced within the time allowed by the applicable statute of limitations. Iowa R.Civ.P. 55. There is no statutory provision limiting the time for serving of the original notice once the petition is filed. *See Taylor v. Wiebold*, 390 N.W.2d 128, 129–30 (Iowa 1986) (suit filed one day before statute of limitations ran out was not barred by statute although service of notice was not completed until seven months later); *but see Bean v. Midwest Battery & Metal, Inc.*, 449 N.W.2d 353, 355 (Iowa 1989) (eight-month delay in service of notice is presumptively abusive). The applicable statute of limitations requires commencement of an action for personal injury within two years of the injury. Iowa Code § 614.1(2) (1989).

■ Rule 89 contains language identical to Federal Rule of Civil Procedure 15(c).[1] Federal rule 15(c) has been interpreted to impose a four-part test. Under this test:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18, 27 (1986). The Supreme Court further provided:

> The linchpin is notice, and notice within the limitations period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period.

And it is an arbitrariness imposed by the legislature and not by the judicial process. *Schiavone*, 477 U.S. at 31, 106 S.Ct. at 2385, 91 L.Ed.2d at 29. We found the holding in *Schiavone* expresses the proper interpretation of the identical language contained in our rule 89. *Grant v. Cedar Falls Oil Co.*, 480 N.W.2d 863, 866 (Iowa 1992).

Justice Stevens, in his dissent in *Schiavone*, found the four-prong test irrelevant unless the amendment is one "changing the party against whom a claim is asserted." 477 U.S. at 35, 106 S.Ct. at 2387, 91 L.Ed.2d at 31. He would not construe the amendment changing the defendant from Fortune to Fortune also known as Time, Incorporated, as one "changing the party" against whom petitioner's claims are asserted "brought in by amendment" within the meaning of rule 15(c). *Id.* at 36, 106 S.Ct. at 2387–88, 91 L.Ed.2d at 32. In *Grant*, we rejected a similar argument. We held rule 89 applies to both amendments changing parties and amendments correcting names. *Grant*, 480 N.W.2d at 866. We expressly recognized the official comment to Federal Rule 15(c) which stated the relation back provision applied to misnomers. *Id.*

Porter also argues the proposed amendment was not an attempt to add a new party. He urges the named defendant was a trade name of the persons being added by amendment as defendants. Following the interpretation of rule 89 that we adopted in *Grant*, we conclude the proposed amendment would add new parties. Therefore, Porter must satisfy the notice requirement of the rule.

The record does not reflect that Larry or Sandra Good were given notice of the suit within two years of the injury as prescribed by the statute of limitations. Although Larry Good stated he had reviewed the original notice, the record is silent as to when this occurred. There was no evidence the original notice was delivered to the clerk with directions for service of the notice. *See* Iowa R.Civ.P. 49.

■ The burden of proof is on Porter to establish his right to amend the petition to

---

1. Federal Rule of Civil Procedure 15(c) was amended in 1991 to allow relation back if the substituted party is notified of the suit within 120 days of the filing of the complaint.

add new defendants and to satisfy the relation back requirements of rule 89. If particular circumstances would excuse him from application of the rule, he must establish those exceptions before the district court. Because he failed to do so, we affirm the district court's denial of his motion for leave to amend.

### III. *Motion for summary judgment.*

■ The defendant's motion for summary judgment urges the named defendant is not a legal entity. Although the court of appeals suggests the motion for summary judgment was granted because the action was barred by the statute of limitations, this defense was not raised in the pleadings or considered by the trial court. Defendants have a duty to plead the statute of limitations if they wish to rely on it. Iowa R.Civ.P. 101; *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 408 (Iowa 1982).

In ruling upon the summary judgment motion the district court relied upon *Jacobson v. Union Story Trust & Savings Bank*, 338 N.W.2d 161 (Iowa 1983), and *Schellhorn v. Williams*, 244 Iowa 908, 58 N.W.2d 361 (1953). In both of these cases, the substituted defendants raised the statute of limitations defense. Here, the defendant did not raise the limitations defense in its pleadings. Because the limitations defense was not raised, the defendant waived it. *Westway*, 314 N.W.2d at 408.

■ Summary judgment is proper only when the entire record before the court shows there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237; *Fees v. Mutual Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992). The record includes the pleadings, motion for summary judgment, resistance, affidavits, and exhibits. *Id.*

If the named defendant is a legal entity, the district court should not have granted the defendant's motion. A legal entity may be defined as:

> Legal existence. An entity, other than a natural person, who has sufficient existence in legal contemplation that it can function legally, be sued or sue and make

decisions through agents as in the case of corporations.

Black's Law Dictionary 893–94 (6th ed. 1990).

■ Good stated in his affidavit that he conducted businesses known as Good's Construction Co. and Good's Eavespouting Co. Porter in his petition identified the defendant as Good Eavespouting also known as Good Construction Company. Although the names are not precisely the same, they are so similar as to create no confusion as to the identity of the defendant. As such, the business or trade name is a legal entity in Iowa. *See Thune v. Hokah Cheese Co.*, 260 Iowa 347, 351, 149 N.W.2d 176, 178 (1967). The defendant was not entitled to a judgment as a matter of law.

We vacate the court of appeals decision. We affirm the district court ruling upon the motion for leave to amend; we reverse the court's summary judgment for the defendant and its dismissal of the case.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART.**