Charlotte **BUTLER**, Plaintiff–Appellant,

v.

**WOODBURY COUNTY, Iowa, and the Woodbury County Fair Association, Defendant–Appellees.**

No. 95–875.

Court of Appeals of Iowa.

Feb. 28, 1996.

18

Martha M. McMinn, Sioux City, for appellant.

William J. Rawlings, of Rawlings, Nieland, Probasco, Killinger, Ellwanger, Jacobs & Mohrhauser, Sioux City, for appellees.

Heard by HAYDEN, P.J., and SACKETT, HABHAB, CADY and HUITINK, JJ.

CADY, Judge.

This is an appeal from a decision by the district court dismissing the lawsuit under the statute of limitations. We affirm.

Charlotte Butler was injured on August 8, 1992, while at the Woodbury County fairgrounds. The fairgrounds were maintained by the Woodbury County Fair Association (the Association).

The insurance carrier for the Association, CNA, contacted Butler shortly after the incident, and conducted an investigation. Butler retained the services of attorney Martha M. McMinn. CNA denied liability but agreed to pay Butler's medical bills under the medical payment clause of the policy.

After numerous correspondences between McMinn and CNA, McMinn wrote CNA on June 10, 1994, stating she must "either settle Ms. Butler's claim or file a lawsuit on or before August 8, 1994." CNA promptly responded indicating it still denied liability, but would review any further information McMinn might have which would justify a change in their position. This was the last correspondence between CNA and Butler's attorney.

Butler filed a lawsuit against Woodbury County on August 2, 1994. On August 9, 1994, Butler filed an amended petition naming the Association as a defendant. The Association was also served with notice of the amended petition on August 9, 1994, one day beyond the statute of limitations.

The Association responded to the lawsuit by filing a motion for summary judgment. Butler resisted, setting forth evidence showing the Association had notice of the lawsuit prior to the expiration of the statute of limitations through the discussions and correspondence with CNA.

The district court granted the Association's motion for summary judgment. Butler appeals, claiming the amended petition related back to the date of the original petition, due to the prior notice to CNA. Butler also urges the relation back rule be construed consistent with the rule for service of process.

I. Standard of Review

We review summary judgment motions to determine the existence of any genuine issue of material fact and whether the law was correctly applied. *Hegg v. Hawkeye Tri–County REC*, 512 N.W.2d 558, 559 (Iowa 1994). The burden rests with the movant to establish the right to summary judgment. *Enochs v. City of Des Moines*, 314 N.W.2d 378, 380 (Iowa 1982).

A claim which is barred by the applicable statute of limitations may be properly dis-

posed of by summary judgment. *Stahl v. Preston Mut. Ins. Ass'n,* 517 N.W.2d 201, 202 (Iowa 1994). The parties in this case acknowledge the amended petition was filed one day after the expiration of the two-year statute of limitations. Butler, however, claims summary judgment was inappropriate because the amended petition related back to the date the original petition was filed under the particular circumstances of the case.

## II. Relation Back Doctrine

Iowa Rule of Civil Procedure 89 allows an amendment which changes or adds a party to a pending lawsuit to relate back to the date of the original pleading if four requirements are met: (1) the claim asserted against the party to be brought into the lawsuit arose out of the conduct set forth in the original pleading; (2) the party to be brought in received such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) the party to be brought in knew or should have known the action would have originally been brought against it but for a mistake concerning identity; and (4) the second and third requirements occurred within the period provided by law for commencing the action against the party to be brought in.[1] *See Porter v. Good Eavespouting,* 505 N.W.2d 178, 181 (Iowa 1993) (quoting *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18, 27 (1986)). The rationale for the relation back doctrine is to promote the policy of deciding cases on their merits, while protecting the purposes of statutes of limitations, including to guard persons from defending stale claims. Charles A. Wright, Law of Federal Courts § 66 at 312 (3d ed. 1976).

■ In this case, only the second and fourth factors are at issue. The fighting question we face is whether the Association

received notice of the institution of the action within the period provided by law for commencing an action against it.

■ Civil actions are commenced in Iowa by filing a petition. Iowa R.Civ.P. 48. An action is commenced within the time allowed by the statute of limitations when the petition is filed. Iowa R.Civ.P. 55; *Porter,* 505 N.W.2d at 181. Thus, under the plain language of Rule 89, the required notice must have been received by the party sought to be brought into the lawsuit prior to the expiration of the limitations period. *Id.*

■ Butler claims the Association received adequate notice of the lawsuit through its insurance carrier prior to the expiration of the statute of limitations. We acknowledge "such notice of the institution of the action" under Rule 89 does not necessarily require personal notice. *See Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir.1980) (service of complaint on agent of party sought to be brought in satisfied notice requirement). *But see Grissom v. Dayco Prods., Inc.,* 758 F.Supp. 650, 653 (D.Kan.1991) (service of complaint on authorized agent of party sought to be brought in failed to satisfy notice requirement). However, the notice to the party to be brought into the action must be notice of the institution of the action, not simply notice of the possibility of a lawsuit. *Jacobson v. Union Story Trust & Sav. Bank,* 338 N.W.2d 161, 164 (Iowa 1983). *See Grissom,* 758 F.Supp. at 653 (certified letter and telephone discussions prior to expiration of limitations period warning of impending lawsuit was insufficient "notice of the institution of the action").

■ We are unable to conclude the threat of litigation made in an effort to settle a dispute satisfies the requirement of "notice of the institution of the action" under Rule 89. Notice given to the insurance carrier of the

---

1. Rule 89 provides in part:
   Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of the original pleading. An amendment charging the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

party to be brought into the lawsuit of the possibility of suit is not tantamount to notice to that party a suit has been filed. *Jacobson,* 338 N.W.2d at 164.

■ Notwithstanding, Butler asks us to adopt the standard followed by our federal courts, and permit the notice to be received within the leeway recognized for service of process on the defendant following the filing of the petition under Iowa Rule of Civil Procedure 49.[2] In this case, the Association was served with notice one day after the expiration of the statute of limitations and seven days after the filing of the original petition. Butler argues any permissible delay in serving notice under Iowa Rule 49 should logically extend the notice period under Iowa Rule 89. She argues there is no reason, for example, a misnamed defendant should be entitled to earlier notice than the defendant would have received if the defendant had been correctly named in the original petition. *See Schiavone v. Fortune,* 477 U.S. at 27 n. 4, 106 S.Ct. at 2383 n. 4, 91 L.Ed.2d at 32 n. 4 (Stevens, J. dissenting).

It is important to recognize the present federal standard is the result of recent legislative amendments made to the governing rules of civil procedure, not judicial decisions. Earlier efforts to conform to the former federal relation back rule to the service rule through judicial decisions failed. *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The present federal standard exists by reason of the plain language of the rules. Nevertheless, Butler urges a change in the Iowa rule.

■ Although we understand the merits of Butler's claim, we must step back and consider our role in the judicial process. We recognize our legislature possesses the fundamental responsibility to adopt rules of practice for our courts. *See Iowa Civil Lib-*

*erties Union v. Critelli,* 244 N.W.2d 564, 568–69 (Iowa 1976). We also recognize the supplemental authority of courts to adopt rules in order to carry out their constitutional and statutory responsibilities. *Id.* In particular, our supreme court is empowered to prescribe rules of practice in Iowa courts, subject to the rulemaking procedures established by the legislature. *See* Iowa Code § 602.4201 (1993). Such rulemaking authority, however, is not exercised in conjunction with case decision-making. *See* Iowa Code § 602.4202 (1993). We must accept the governing rules as they exist when we decide cases and interpret rules, like we do statutes, in a sensible, workable, practical, and logical manner. *See State v. Deierling,* 406 N.W.2d 793, 794 (Iowa 1987). Our task is not to create rules or statutes, but interpret them.

■ When the language of a rule or statute is clear, we are obligated to accept it as meaning what it says. *Schiavone v. Fortune,* 477 U.S. at 30, 106 S.Ct. at 2384–85, 91 L.Ed.2d at 28. Rule 89 clearly and unmistakably requires the notice to be received "within the period provided by law for commencing the action." There is no additional language extending the period to include the time allowed to accomplish service of process under Rule 49. Thus, we cannot engrave an extension of the limitations period under the disguise of judicial interpretation. Instead, our interpretation must arise from the language and goals of the statute, and we must resist the temptation to reach a particular result we might otherwise find appealing outside the framework of the rule. When confronted with a similar temptation in interpreting the federal counterpart to our Rule 89 prior to the federal amendments, the Supreme Court concluded:

> The linchpin is notice, and notice within the limitations period. Of course, there is

---

2. Iowa Rule of Civil Procedure 49, modeled after Federal Rule of Civil Procedure 4, does not contain a specific time period for serving the original notice and petition following the filing of the petition. Federal Rule 4, however, was amended to require the service of the summons and complaint to occur within 120 days of the filing of the petition. Our Rule 49 has not been similarly amended, although we recognize any unreasonable or abusive delay in failing to service the

notice justifies dismissal. *See Bean v. Midwest Battery & Metal, Inc.,* 449 N.W.2d 353 (Iowa 1989); *In re Estate of Steinberg,* 443 N.W.2d 711 (Iowa 1989) (thirty-seven day delay not abusive). Federal Rule of Civil Procedure 15(c), as amended, now specifically provides notice of the institution of the action must be given within the 120-day period for service of the summons and complaint following the filing of the petition as allowed under Rule 4(m).

an element of arbitrariness here, but that is a characteristic of any limitations period and it is an arbitrariness imposed by the legislature and not by the judicial process. *Schiavone v. Fortune,* 477 U.S. at 31, 106 S.Ct. at 2384, 91 L.Ed.2d at 29.

We concur with that analysis and follow similar judicial restraint in interpreting Rule 89. Accordingly, we must affirm the judgment of the district court.

**AFFIRMED.**