# IN THE COURT OF APPEALS OF IOWA

No. 14-1240
Filed December 23, 2015

**DORETTA DILLEY and JAN C. DILLEY,**
 Plaintiffs-Appellants,

**vs.**

**AUTO-OWNERS INSURANCE GROUP,**
**AUTO-OWNERS INSURANCE COMPANY,**
**and OWNERS INSURANCE COMPANY,**
 Defendants-Appellees.
_____

Appeal from the Iowa District Court for Marshall County, Michael J. Moon (Owners Insurance Company summary judgment) and Steven J. Oeth (Auto-Owners Insurance Company summary judgment), Judges.

Doretta and Jan Dilley appeal the district court's grant of summary judgment in favor of Auto-Owners Insurance Company and Owners Insurance Company. **AFFIRMED.**

Barry S. Kaplan of Kaplan & Frese, L.L.P., Marshalltown, for appellants.

Bradley M. Beaman, Matthew J. Haindfield, and Catherine M. Lucas of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees.

Considered by Tabor, P.J., McDonald, J, and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Doretta and Jan Dilley appeal the district court's orders granting summary judgment to Owners Insurance Company (Owners) and Auto-Owners Insurance Company (Auto-Owners) on their claim for underinsured motorist coverage. They claim the district court erred in granting summary judgment because: (1) the amended petition relates back to the original petition; (2) it is contrary to policy concerns underlying the pleading rules; and (3) there is ambiguity regarding who issued the insurance policy. We find the district court properly granted summary judgment for both Owners and Auto-Owners.

**I. Background Facts and Proceedings.**

On November 8, 2010, Doretta Dilley was involved in a motor vehicle collision. She suffered multiple injuries and some permanent loss of function as the result of the collision. Dilley entered into negotiations with the driver's insurance company.

On December 5, 2011, Dilley's attorney sent a letter to Marty James, a field claim representative for the Auto-Owners Insurance Group, notifying him there had been a settlement offer from the other driver and stating in part the letter "should serve as notice to Auto-Owners that Ms. Dilley may be making a claim against her underinsured policy in the future." On December 8, 2011, James replied he would need to complete a thorough evaluation of the claim before approving the settlement. James sent a letter authorizing the settlement on January 10, 2012.

One day before the contractual limitation period in Dilley's underinsured motorist coverage automobile policy (UIM) expired, Dilley filed suit against Auto-Owners Insurance Group and Auto-Owners Insurance Company claiming UIM benefits.[1]  Auto-Owners was served the original notice and petition through Dilley's insurance agent, Dan Meade, on November 13, 2012.  Auto-Owners Insurance Group and Auto-Owners filed their answer, affirmative defenses, and jury demand on May 13, 2013, stating Auto-Owners Insurance Group is not a legal entity and Auto-Owners did not issue Dilley's policy.  On June 27, 2013, Dilley requested permission to substitute Owners as a party-defendant.  The court granted the request the next day.  On July 8, 2013, Dilley requested permission to clarify she sought to add Owners and not replace Auto-Owners with Owners.  This request was granted July 24, 2013.  Dilley then filed a motion for extension for time to serve original notice.  The motion was granted, and service on Owners was completed October 22, 2013.

Owners filed its answer asserting Dilley's suit was barred by the contractual limitation period in her policy.  Owners then filed a motion for summary judgment.  The court found "insufficient evidence the relation-back test [was] satisfied" and granted Owners' motion, dismissing Owners from the action.

Auto-Owners and Auto-Owners Insurance Group filed their own motion for summary judgment.  The court found there were no genuine issues of material fact, neither Auto-Owners nor Auto-Owners Insurance Group issued Dilley's

---

[1] Dilley's policy provided any person seeking UIM coverage must "conform with any applicable statute of limitations applying to bodily injury claims in the state in which the accident occurred."  The statute of limitations applicable to bodily injury is two years. Iowa Code § 614.1(2) (2013).

policy, and Auto-Owners Insurance Group was not a legal entity. The motion for summary judgment filed by Auto-Owners and Auto-Owners Insurance Group was granted. Dilley appeals the summary judgments for Auto-Owners and Owners.

## II. Standard of Review.

We review a summary judgment ruling by the district court for errors at law. Iowa R. App. P. 6.907; *Osmic v. Nationwide Agribusiness Ins. Co.*, 841 N.W.2d 853, 858 (Iowa 2014). Summary judgment is available to a party when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 735 (Iowa 2008). "An issue of fact is 'material' only when the dispute involves facts which may affect the outcome of the suit, given the applicable governing law." *Wallace v. Des Moines Indep. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008). "The requirement of a 'genuine' issue of fact means the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The record should be viewed in the light most favorable to the non-moving party. *Id.*

## III. Analysis.

### A. Relation Back.

Dilley first claims the amended complaint adding Owners relates back to the original filing under the misnomer principle. If the addition of Owners does not relate back, Dilley's claim is barred by the contractual limitation in her policy. In order to relate back the claim to a new defendant, Dilley must satisfy a four-

prong test. *See Estate of Kuhns v. Marco*, 620 N.W.2d 488, 491–92 (Iowa 2000). These four prongs are:

> First, the same relation back test for amendments that add claims is considered. Second, a party against whom a claim is asserted must receive such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits. Third, the party against whom the claim is asserted must know or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Finally, the second and third factors must occur within the period provided by law for commencing the action against the party.

*Id.* (citing *Porter v. Good Eavespouting*, 505 N.W.2d 178, 181 (Iowa 1993)).

The district court found Dilley had not met her burden to show the relation-back doctrine applied as she presented no evidence to show Owners received any notice of the lawsuit within the prescribed limitations period. *See id.* at 492. Dilley may not rely on notice served on her insurance agent after the commencement of the suit. The suit was initiated one day before the statute of limitations and contractual limitation periods had run, and Dilley's agent was not served until five days after the statute of limitations period expired. Instead, Dilley claims the letter, sent December 5, 2011, stating it "should serve as notice to Auto-Owners that Ms. Dilley may be making a claim against her uninsured policy in the future" fulfills the requirement for notice to be served on Owners. Dilley argues the agent could also be served on Owners' behalf and therefore service was accomplished.

The relation-back doctrine requires the party to be added receive "notice of the institution of the action." Iowa R. Civ. P. 1.402(5). "[T]he notice to the party to be brought into the action must be notice of the institution of the action,

not simply notice of the possibility of a lawsuit." *Butler v. Woodbury Cty.*, 547 N.W.2d 17, 19 (Iowa Ct. App. 1996). Notice of *intention* to file an action is not sufficient. *Id.* at 19-20. No notice of the institution of the action was received by Auto-Owners until November 13, 2012, and no notice was received by Owners until October 22, 2013. We hold the court did not err in granting Owners' motion for summary judgment.

### B. Policy Concerns.

Dilley claims the district court erred in granting summary judgment because doing so violated the spirit of the pleading rules and is contrary to public policy. Our supreme court has held "when the relation back rule is applied to amendments that add a defendant, we strictly adhere to the clear language of the rule and have refused to extend the notice period beyond the time for commencing the action." *Estate of Kuhns*, 620 N.W.2d at 492. We are not free to disregard controlling authority from our supreme court. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). We therefore conclude the district court did not err in granting summary judgment.

### C. Ambiguity.

Dilley claims the district court erred in granting summary judgment because there was ambiguity regarding which company issued the insurance policy. In support of this claim Dilley relies heavily on a Kansas Supreme Court case holding summary judgment is inappropriate when there is ambiguity as to which company issued the insurance policy. *Bussman v. Safeco Ins. Co.*, 317

P.3d 70, 80 (Kan. 2014). No similar holding exists under Iowa law. However Iowa case law does hold:

> The cardinal principle in the construction and interpretation of insurance policies is that the intent of the parties at the time the policy was sold must control. Except in cases of ambiguity, the intent of the parties is determined by the language of the policy. An ambiguity exists if, after the application of pertinent rules of interpretation to the policy, a genuine uncertainty results as to which one of two or more meanings is the proper one. Because of the adhesive nature of insurance policies, their provisions are construed in the light most favorable to the insured.

*LeMars Mut. Ins. Co. v. Joffer*, 574 N.W.2d 303, 307 (Iowa 1998) (internal citations and quotation marks omitted).

*Bussman* is distinguishable from the instant case. *Bussman* involved an insurance policy which contained references to multiple insurance companies throughout the insurance policy itself. *Bussman*, 317 P.3d at 79. The insurance policy at issue in this case identifies the parties as Jan and Doretta Dilley and the insurer as Owners Insurance Company. Nowhere in the policy is Auto-Owners mentioned.

The trial court properly chose not to consider the extrinsic evidence offered by Dilley because it violated the parol evidence rule. *See Pitts v. Farm Bureau Life. Ins. Co.*, 818 N.W.2d 91, 107 (Iowa 2012) ("The parol evidence rules forbids use of extrinsic evidence to vary, add to, or subtract from a written agreement."). An issue is genuine when a reasonable juror could return a verdict in favor of the non-moving party. *Wallace*, 754 N.W.2d at 857. We conclude no reasonable juror could return a verdict in favor of Dilley. Because there is no

genuine issue of material fact we find the court did not err in granting summary judgment for Auto-Owners.

## IV. Conclusion.

We hold Dilley did not properly relate the amended filing back to the original petition, we are not free to overrule controlling precedent to consider policy concerns, and there was no genuine ambiguity as to which company issued the policy to Dilley. Therefore, we affirm the district court and find it did not err in granting summary judgment for Owners and Auto-Owners.

**AFFIRMED.**