# IN THE COURT OF APPEALS OF IOWA

―――――――――――――

No. 25-0680
Filed January 28, 2026

―――――――――――――

**Beverly Henry,**
Applicant–Appellant,
v.
**State of Iowa,**
Defendant–Appellee.

―――――――――――――

Appeal from the Iowa District Court for Polk County,
The Honorable Scott J. Beattie, Judge.

―――――――――――――

**AFFIRMED**

―――――――――――――

James T. Munro of Munro Law Office, P.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, Jeffrey Peterzalek, Assistant Attorney
General, Eric H. Wessan, Solicitor General, and Patrick C. Valencia,
Deputy Solicitor General, attorneys for appellee.

―――――――――――――

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

This appeal arises from the tragic fate of a horse named Laney. Laney was entered in a championship show at the Iowa State Fairgrounds. Laney was fatally injured in a stall that failed to hold. This appeal turns not on causation or duty, but on whether the proper defendant received timely notice under Iowa's tort claims statute. And because the law—unlike Laney's enclosure—is tightly fastened, it requires the correct party be served before time runs out. Accordingly, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Henry asserts that on September 13, 2022, she rented and used a stall on the Iowa State Fairgrounds to hold her horse, Laney. Henry was showing Laney in the Breeder's Halter Futurity Championship, a horse show held at the Iowa State Fairgrounds. Henry claims the stall was not fully secured, causing a severe injury to Laney's leg resulting in the horse needing to be euthanized.

Henry filed her original petition on August 23, 2024, and named the Iowa State Fair Authority (the Fair Authority) and the Breeder's Halter Futurity as defendants. Henry served the petition and the original notice on the Fair Authority's director of human resources on September 4, 2024. In her petition, Henry cited Iowa Code section 670.2 (2024) of the Iowa Municipal Tort Claims Act (IMTCA). The statute of limitations on this action passed on September 13, 2024.

On September 23, the Iowa Attorney General's Office appeared on behalf of the Fair Authority and moved to dismiss, arguing that the State of Iowa was the proper party defendant. The Fair Authority also asserted that the suit should be dismissed because the IMTCA did not apply. Instead, the

Fair Authority argued the Iowa Tort Claims Act (ITCA), Iowa Code chapter 669, applied, and the Fair Authority is considered a state agency for the purposes of chapter 669.[1]

On October 3, 2024, Henry filed a motion for leave to amend her petition to substitute the State as the party defendant instead of the Fair Authority.[2] The district court granted Henry's motion, and Henry filed her amended petition on November 8 naming the State as a defendant. On November 15, Henry served the State through service on an authorized delegate in charge of the tort claims division at the attorney general's office.

The State moved to dismiss on the basis that Henry failed to sue the State within the applicable statute-of-limitations period. Henry resisted, arguing that her amended petition related back to the original petition, and that the Fair Authority and the State were the same entity for the purposes of tort. She also asserted the State had proper notice of the suit because the attorney general's office argued the State was the proper party.

---

[1] We assume that jurisdiction exists here. Henry's tort-claim form she was required to send to the State Appeal Board is absent from the record. However, no party argues that the ITCA imposes a requirement that the district court petition must plead compliance with claim form process. *See* Iowa Code § 669.6. Moreover, at the hearing on the second motion to dismiss on January 21, 2025, counsel for the Fair Authority asserted that: "[Henry] filed a tort claim. . . in March of 2023 and then through that process, at least according to my notes, in May of 2023 the claim was denied and then it wasn't until August 23 of 2024 that a petition was filed." Given that the Fair Authority's counsel expressly stated on the record that the proper claim form was filed, we assume for jurisdictional purposes that the tort-claim form was filed with the State Appeal Board and was statutorily compliant.

[2] Henry did not request an amendment to clarify that she was bringing an action under the ITCA instead of the IMTCA and never amended her petition accordingly.

The district court granted the State's motion to dismiss, finding that the Fair Authority and the State are two distinct entities for the purposes of tort, and the State did not have notice of Henry's suit before the statute of limitations passed. Henry filed a motion to reconsider, which the State resisted. The district court denied Henry's motion to reconsider and this appeal follows.

## SCOPE OF REVIEW

We review the district court's granting of a motion to dismiss for errors at law. *Askvig v. Snap-On Logistics Co.*, 967 N.W.2d 558, 560 (Iowa 2021).

## ANALYSIS

Henry argues that the district court erred in granting the State's motion to dismiss. Henry challenges the district court's finding that there is a legal distinction between the Fair Authority and the State, and that service on the Fair Authority does not satisfy the notice requirements for the State. Henry also challenges the district court's finding that her amended petition, which was filed after the expiration of the two-year statute of limitations, failed to relate back due to lack of proper notice.

## I.     The Fair Authority and the State as Distinct Legal Entities.

Henry claims the district court erred in holding that the Fair Authority and the State are legally distinct entities. Henry argues that because the Fair Authority and the State are not distinct entities, proper service on the Fair Authority constitutes proper service on the State. She claims the naming of the Fair Authority instead of the State was a simple misnomer. We disagree.

Tort actions brought under the ITCA must be brought against the State, not a state agency. *Jones v. Iowa State Highway Comm'n*, 207 N.W.2d 1,

4

2 (Iowa 1973). Indeed, Iowa Code section 173.1 defines the Fair Authority as a public instrumentality and it is generally not considered an agency of state government. But the Fair Authority is considered a state agency for the purposes of tort under chapter 669: "[T]he authority is considered a state agency and its employees state employees for the purposes of chapter[] . . . 669." Iowa Code § 173.1. Based on that, the Fair Authority and the State are distinct entities. Thus, the Fair Authority—like any other state agency—is immune from tort actions for the purposes of the ITCA, and the State is the proper party. Iowa Code § 669.16.

Henry asserts that when she named the Fair Authority instead of the State in her initial petition, it was a misnomer. For that reason, Henry argues she should be allowed to freely amend her petition after the statute of limitations expired to substitute the State for the Fair Authority.

"A substitution occurs when the wrong party is named, and the court must replace the wrong party with the correct party." *Reyes v. Int'l Van Lines, Inc.*, 9 N.W.3d 793, 798 (Iowa Ct. App. 2024). Parties cannot be substituted once the statute of limitations expires. *Id.* But a misnomer can be corrected after the statute of limitation expires if a plaintiff can show the correct party was served—albeit by the wrong name. *Id.*

As noted above, the Fair Authority and the State are distinct legal entities. Consequently, service on one is not service on all. Because the wrong party was served—regardless of how it was named—Henry's mistake was more than a mere misnomer, it was an attempt to substitute a party not previously served before the statute of limitations ran. Such is expressly disallowed. *Id.*

Henry analogizes her situation to *Reyes v. International Van Lines, Inc.* to make her argument. *See generally* 9 N.W.3d 793 (Iowa Ct. App. 2024). Her reliance is misplaced. In *Reyes*, we found the district court correctly allowed Reyes to amend his petition to correct a misnomer after the statute of limitations expired. 9 N.W.3d at 800. That decision was due to Reyes having originally served the correct party under the defendant company's trade name. And both named corporate defendants in *Reyes* had the same registered agent. *Id.* However, having the same registered agent, who was actually served, is different than not serving the Iowa Attorney General's Office at all—as required by section 669.4(4)—notwithstanding the attorney general representing both parties.

The State and the Fair Authority have different registered agents for the purposes of notice and service. The State's registered agent is the "attorney general or the attorney general's duly authorized delegate in charge of the tort claim division." Iowa Code § 669.4(4). The attorney general or their authorized delegate must be served for the State to be put on notice of suit under the ITCA. *Id.* The Fair Authority's registered agent is its own officer, clerk, or secretary. Iowa R. Civ. P. 1.305(13). This differs from *Reyes*, where the same man was the registered agent for the misnamed party and the correctly named party. 9 N.W.3d at 796.

When Henry named the Fair Authority as the defendant in her initial petition, the correct party was not before the district court. But that was not fatal to her case despite the Fair Authority and the State operating as distinct legal entities. What was fatal to her case was her lack of notice to the State before the statute of limitations expired. The district court did not err in its finding that the Fair Authority and the State are legally distinct entities

requiring separate notice. Henry's service on the Fair Authority did not satisfy the notice requirements to the State.

## II.    Relation Back.

Henry argues that if the Fair Authority and the State are separate legal entities, she should have been allowed to substitute the State for the Fair Authority after the statute of limitations expired because the amended petition related back to the original filing.

Iowa Rule of Civil Procedure 1.402(5) provides that an amendment changing the party sufficiently relates back to the original pleading if:

> within the period provided by law for commencing the action against the party, the party . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Under Rule 1.402(5), relation back depends on four factors:

> (1) The basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Porter v. Good Eavespouting*, 505 N.W.2d 178, 181 (Iowa 1993). "[W]hen the relation back rule is applied to amendments that add a defendant, we strictly adhere to the clear language of the rule and have refused to extend the notice period beyond the time for commencing the action." *Est. of Kuhns v. Marco*, 620 N.W.2d 488, 492 (Iowa 2000).

For Henry's amended pleading to relate back to her original filing, she must show that the State had notice that it was the proper party to the suit before the statute of limitations period expired. *See* Iowa R. Civ. P. 1.402(5). The notice requirement under the ITCA is clear: "A suit is commenced under this chapter by serving the attorney general or the attorney general's duly authorized delegate in charge of the tort claims division by service of an original notice." Iowa Code § 669.4(4).

Henry did not serve the attorney general or the attorney general's duly authorized delegate with original notice within the statute of limitations period. Rather, Henry served the original petition on the Fair Authority's director of human resources on September 4, 2024, nine days before the statute of limitations expired on September 13. Henry did not serve the attorney general's authorized delegate with the amended petition until November 15, over two months after the statute of limitations period expired.

Henry argues that the State knew or should have known it was the proper party because the attorney general's office represents both the Fair Authority and the State. However, Henry's argument would, in effect, collapse the Fair Authority and the State into a single legal entity for the purposes of notice. As established above, the State and the Fair Authority are distinct legal entities. We disagree with Henry's theory that service on the Fair Authority satisfies Iowa Code section 669.4(4)'s clear service and notice requirements for the State. Under that logic, a plaintiff could sue any entity represented by the attorney general's office and claim that section 669.4(4)'s notice requirements for the State were satisfied. Filing suit against a state agency does not satisfy section 669.4(4)'s requirement of "serving the attorney general or the attorney general's duly authorized delegate in charge of the tort claims division by service of an original notice."

8

Finally, Henry makes the argument that service of her amended petition was proper and timely under Iowa Rules of Civil Procedure 1.302(5) and 1.402(5), and the district court therefore erred in granting the State's motion to dismiss.

Rule 1.302(5) provides: "If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice . . . ." Henry asserts that because the district court granted her motion to amend on October 23, 2024, and because Henry served the attorney general's authorized delegate on November 15, eighty-four days after the filing of the original petition, the State was properly served.

Rule 1.302(5) does not, however, provide an avenue for Henry to avoid the requirements of Rule 1.402(5), which provides that notice be given "within the period provided by law for commencing the action . . . ." Iowa Code section 669.13 provides a two-year statute of limitations for claims under the ITCA. Henry was required to serve notice to the State by September 13, 2024. Henry did not properly serve the State until November 15. Henry's compliance with Rule 1.302(5) does not exempt her claim from the statute of limitations. Therefore, the district court did not err in finding that Henry's amended petition did not sufficiently relate back to her original filing.

## CONCLUSION

We conclude that the district court did not err in granting the State's motion to dismiss. The State and the Fair Authority are distinct legal entities for the purposes of tort, and Henry failed to properly serve the State prior to

the expiration of the statute of limitations. Further, Henry's amended petition did not relate back to her original filing as she could not show the State had notice that it was the proper party to the suit before the statute of limitations expired.

**AFFIRMED.**