Beverly GRANT and Connie Carson, Appellants,

v.

CEDAR FALLS OIL CO. d/b/a Food 4 Less, Appellee.

No. 90–415.

Supreme Court of Iowa.

Feb. 19, 1992.

Alfredo Parrish and Andrew J. Dunn of Parrish, Kruidenier & Exline, Des Moines, for appellants.

Kasey W. Kincaid of Faegre & Benson, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

The issue that we must decide on this appeal is whether an amendment to plaintiffs' petition, which corrected an error in the name of the corporate defendant being sued, relates back to the time the original petition was filed. The district court ruled that the amendment did not relate back and that the action was therefore barred by the statute of limitations. The court of appeals reversed the district court's judgment, holding that the amendment did relate back. After reviewing the arguments presented, we agree with the district court and disagree with the court of appeals.

Plaintiffs, Beverly Grant and Connie Carson, who are sisters, retained counsel to sue the proprietors of a "Food 4 Less" store in Des Moines. The basis for their action was a belief that they had been unlawfully detained by store employees with respect to a suspected shoplifting incident. The alleged unlawful detention took place on September 2, 1987.

A civil action alleging unlawful detention by Food 4 Less employees was filed on plaintiffs' behalf with the Clerk of the Iowa District Court on September 5, 1989. Because of the timing of the Labor Day weekend, this filing date would have been the last permissible date for commencement of an action within the two-year statute of limitations.

Plaintiffs' petition named the defendant as

HOLIDAY ERICKSON PETROLEUM, INC.

d/b/a FOOD 4 LESS.

Believing that the entity named as defendant was a foreign corporation, plaintiffs' counsel attempted to make service of original notice pursuant to Iowa Code section 617.3 (1989).

On the date the action was commenced, plaintiffs' counsel filed duplicate copies of the petition with the Iowa Secretary of State and mailed a "notification of filing" to the named defendant at a Minneapolis, Minnesota, address. In addition, plaintiffs' counsel, on that same date, mailed copies of the petition and an original notice to the address of the Food 4 Less store where the alleged detention took place and to another Food 4 Less store in Des Moines.

On September 8, 1989, a Des Moines attorney called the office of plaintiffs' counsel concerning this matter. The caller failed to make contact because plaintiffs' counsel was out of the office. He left his name and telephone number with a request that the call be returned. When plaintiffs' counsel returned the call, he was told that the lawyer would be representing the defendant in the pending action.

The notification of filing that had been mailed to the named defendant at the Minneapolis address had indicated that that defendant would have sixty days within which to answer or file a motion. On November 4, 1989 (a Saturday), the same Des Moines lawyer again attempted to contact plaintiffs' counsel who was again out of the office. When plaintiffs' counsel called back on the following Monday, he was advised that Holiday Erickson Petroleum, Inc. was a nonexistent entity and that the Des Moines Food 4 Less stores were owned by Cedar Falls Oil Co., an Iowa corporation.

On November 6, 1989, plaintiffs filed an amendment to their petition correcting the

name of the defendant to reflect the proper entity. This amendment was served on the registered agent of Cedar Falls Oil Co. On November 27, 1989, Cedar Falls Oil Co. d/b/a Food 4 Less filed a motion to dismiss, asserting that it was the owner of the store where plaintiffs' alleged illegal detention took place but that an action had not been commenced against it within the period of the statute of limitations. At the hearing on the motion to dismiss, plaintiffs asserted that their amendment related back to the filing of the original petition. As we have previously indicated, the district court disagreed and granted the motion to dismiss. This appeal ensued.

■ This appeal presents only a statute-of-limitations issue. No defect, if any, in the service of process has been asserted. The statute-of-limitations question turns on the interpretation to be given Iowa Rule of Civil Procedure 89. That rule provides:

**Making and construing amendments.** All amendments must be on a separate paper, duly filed, without interlining or expunging prior pleadings. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back *if* the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits,* and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

(Emphasis added.)

We have previously considered this rule as it applies to an amendment changing parties after the limitations period has ex-

pired. In *Jacobson v. Union Story Trust & Savings Bank,* 338 N.W.2d 161 (Iowa 1983), we held that an amendment substituting as defendant the personal representative of a decedent originally named as defendant did not relate back. The decedent had died before the action was commenced, and the amendment substituting the personal representative was filed nine months after the statute of limitations had expired. The record in *Jacobson* was void concerning the time when the personal representative had been notified that the action against the decedent had been commenced.

Although we held in *Jacobson* that relation back under rule 89 does not occur unless the new party has received notice of the institution of the action "within the period provided by law for commencing the action against him," *see* 338 N.W.2d at 164, we did not address how this time period should be measured. In the present case, the defendant contends, and the district court held, that this is a period beginning on the day the cause of action accrues and ending two years later (unless extended by a weekend or holiday).[1] If this interpretation is adopted, the notice given to the defendant of the initiation of the action was not "received" within the required period of time, as the notice was not mailed until the final day. The plaintiff, on the other hand, contends that all that is required to justify relation back is that the substituted defendant receive notice of the institution of the action in approximately the same time as that party would have been served with original notice if that defendant had been originally named in the action.

Support for the district court's interpretation of the rule is found in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), which interpreted identical language contained in Federal Rule of Civil Procedure 15(c). In that case, the Court refused to permit relation back when the party being added did not receive notice of the institution of the action until more than one year after the cause of action

---

1. The parties appear to agree that the applicable statute of limitations is the two-year period for actions involving injury to person or reputation. *See* Iowa Code § 614.1(2) (1989).

against the new party had accrued (the applicable statute of limitations for the claim was one year). In so holding, the Court stated:

> We do not have before us a choice between a "liberal" approach toward Rule 15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says.
>
> We are not inclined, either, to temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint. Rule 4 deals only with process. Rule 3 concerns the "commencement" of a civil action. Under Rule 15(c), the emphasis is upon "the period provided by law for commencing the action against" the defendant. An action is commenced by the filing of a complaint. . . .

*Id.* at 30, 106 S.Ct. at 2384–85, 91 L.Ed.2d at 28.

Although federal rule 15(c) has now been changed to allow relation back if the substituted party has been notified of the action within the maximum time for service of process with respect to the original complaint, we believe that the holding in *Schiavone* expresses the proper interpretation of the federal rule as it then existed and, inferentially, of the identical language contained in our rule 89. Under Iowa Rule of Civil Procedure 48, as adopted in 1975, an action is commenced by the filing of a petition. The period of the statute of limitations is no longer tolled by matters affecting the service of the original notice. Consequently, just as the Supreme Court determined in *Schiavone* with respect to the federal rule, service of process has nothing to do with the time within which an action must be commenced.

Not only does plaintiffs' proffered interpretation of the relation back rule do violence to the plain language of rule 89, it also suffers from practical limitations. There is no usual and ordinary time for receiving notice of the filing of an action. Nor do our rules of civil procedure establish a precise time within which process must be served. *See Bean v. Midwest Battery & Metal, Inc.*, 449 N.W.2d 353, 355 (Iowa 1989). If rule 89 is to be uniformly applied, we believe it is necessary for the period of time within which the required notice must be received to be fixed and ascertainable. Rule 89, as interpreted by the district court, does that. Under plaintiffs' interpretation, it would not.

■ Finally, we reject plaintiffs' contention that rule 89 only applies to amendments changing parties and not to amendments correcting names. As authority for this claim, they rely on our decision in *Shellhorn v. Williams*, 244 Iowa 908, 58 N.W.2d 361 (1953). The statement relied on in *Shellhorn* was dictum, and, in addition, that decision antedated rule 89.

We entertain some uncertainty whether there is any difference in legal effect between amendments changing parties and amendments changing the name of a party. Ordinarily, the reason for an amendment changing the name of a defendant is because the original petition does not serve to effectively bring the claim against the proper party. That would appear to be the situation in the present case. We note that the official comment to Federal Rule of Civil Procedure 15(c), which was adopted in 1976 as our rule 89, states that the "relation back" provision applies to misnomers. We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.