ESTATE OF Dorothy KUHNS, and Jeff Kuhns and Pearl Guy, Legal Representatives of the Deceased and Executors of the Estate, Appellants,

v.

Dale MARCO, Appellee.

No. 99–0930.

Supreme Court of Iowa.

Dec. 20, 2000.

Brad Schroeder of the Crawford Law Firm, Des Moines, for appellants.

Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellee.

CADY, Justice.

In this appeal, we must decide if Iowa Rule of Civil Procedure 69(e) requires a defendant to receive notice of the action prior to the expiration of the statute of limitations before an amendment to the petition to add a plaintiff may be deemed to relate back to the original petition when the action was filed prior to the expiration of the statute of limitations. The district court concluded notice was required to be received prior to the expiration of the statute of limitations and entered summary judgment for the defendant. The court of appeals affirmed. We vacate the decision of the court of appeals, reverse the deci-

sion of the district court, and remand the case for further proceedings.

## I. Background Facts and Proceedings.

On December 23, 1996, Dorothy Kuhns was operating a motor vehicle in West Des Moines. Her vehicle was involved in an accident with a vehicle operated by Dale Marco. Dorothy sustained personal injuries as a result of the accident.

Dorothy died on September 21, 1997. The cause of her death was unrelated to the accident. She was sixty-three years old.

On December 22, 1998, an action was filed against Marco to recover damages for the injuries suffered by Dorothy as a result of the automobile accident on December 23, 1996. The action was brought in the name of the estate of Dorothy Kuhns. Marco was served with notice of the action on January 9, 1999.

Marco responded to the lawsuit by filing a motion to dismiss. He alleged the action was required to be brought in the name of Dorothy's legal representative under Iowa Code section 611.20 (1999), not in the name of her estate.

The estate did not resist the motion. Instead, a motion to amend the petition was filed to add Jeffrey Kuhns and Pearl Guy as plaintiffs in their capacity as the legal representatives for Dorothy. Jeffrey Kuhns and Guy are Dorothy's children and coexecutors under her will. The district court denied the motion to dismiss and granted the motion to amend.

Marco then filed an answer to the amended petition. The answer included the affirmative defense that the action was barred by the two-year statute of limitations.

Marco also filed a motion for summary judgment based on the statute of limitations defense. An affidavit attached to the motion confirmed Marco had no notice of institution of the action until service of process occurred on January 9, 1999. This was approximately two weeks after the statute of limitations had expired.

The district court granted summary judgment. Although it disagreed with the outcome, the district court felt compelled to dismiss the action under Iowa Rule of Civil Procedure 69(e). The trial court held the amendment to add the real party in interest could not relate back to the date of the original petition because the language of rule 69(e) required Marco to receive notice of the lawsuit prior to the expiration of the two-year statute of limitations.

The legal representatives appealed, and we transferred the case to the court of appeals. The court of appeals affirmed the district court. The legal representatives then sought further review. They claim the district court and court of appeals improperly applied the notice requirement of rule 69(e). They assert notice was timely because the original notice and petition was served on Marco within the time permitted for service of process.

## II. Scope of Review.

We review a district court ruling on a motion for summary judgment for the correction of errors at law. Iowa R.App. P. 4; *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 362 (Iowa 2000). In doing so, we are guided by the same principles utilized by the district court. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984). We examine the record to determine the existence of a genuine issue of material fact and determine if the law was correctly applied. *Anderson v. Miller*, 559 N.W.2d 29, 31 (Iowa 1997). We apply the same test the district court should have used. *General Ceramics Inc. v. Firemen's Fund Ins. Cos.*, 66 F.3d 647, 651 (3d Cir. 1995).

## III. Relation Back Doctrine.

The disposition of a civil action in Iowa is governed by the rules of civil

procedure. These rules include provisions governing pleadings. The primary purpose of the rules of pleading is to provide notice and to facilitate a fair and just decision on the merits of the case. *See Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 86 (1957). Conversely, pleading rules do not exist to allow a mistake in a pleading to determine the outcome of a case. *Id.; Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225 (1962) (it is contrary to the spirit of the rules for a decision on the merits to be avoided on the basis of technicalities). Thus, our rules of procedure provide that amendments to pleadings should be freely allowed when it is just to do so. Iowa R. Civ. P. 69(d); *see Ackerman v. Lauver,* 242 N.W.2d 342, 345 (Iowa 1976) ("[a]mendments are the rule and denials [are] the exception").

■ Notwithstanding, pleadings that are amended after the period provided for the commencement of an action has expired under a statute of limitations can present special problems if the amendment is deemed to relate back to the date of the original pleading. Statutes of limitations establish a reasonable period of time for plaintiffs to file their claims. This limitation period essentially exists to ensure a defendant will receive timely notice of a potential claim so that the defendant will be protected from the multitude of problems that can occur when defending stale claims.[1] *See State v. Gansz,* 376 N.W.2d 887, 891 (Iowa 1985). These problems include diminished memories of witnesses, disappearance of witnesses, and lost evidence. *Schulte v. Wageman,* 465 N.W.2d 285, 286 (Iowa 1991). Thus, an amendment that adds new parties or claims after the period of limitations has expired can offend the policies underlying the statute of limitations because the ability to conduct a defense on the merits can be under-

mined by the late notice of the need to prepare a defense. Accordingly, although amendments should be freely granted to promote a trial on the merits, an amendment must not relate back to the date of the original pleading if it would offend the policies underlying the statute of limitations. *United States v. Koch Indus., Inc.,* 188 F.R.D. 617, 628 (N.D.Okla.1999). Conversely, if the amendment does not offend the policies of the statute of limitations, it should relate back to the original pleading "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors...." Fed.R.Civ.P. 15 advisory committee's note (1991).

■ Our rules of civil procedure consider the competing interests that can clash when pleadings are amended after the statute of limitations has expired. *See* Iowa R. Civ. P. 69(e). To balance these interests, rule 69(e) applies two separate tests to determine if an amendment to a pleading will relate back. The first test applies to amendments that add claims. If a pleading is amended to add a claim, the amendment will be deemed to relate back to the date of the original pleading when the claim in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." *Id.* The second test applies to amendments that add parties and is comprised of four prongs. *See Porter v. Good Eavespouting,* 505 N.W.2d 178, 181 (Iowa 1993); 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.19[3][a], at 15–85 (Matthew Bender 3d ed.2000) [hereinafter Moore]. First, the same relation back test for amendments that add claims is considered. *Porter,* 505 N.W.2d at 181. Second, a party against whom a claim is asserted must receive such notice of the institution

---

**1.** There are other policy considerations underlying the statute of limitations. They include freeing the defendant from the worry produced by the fear of litigation, removing the burden of stale claims from the courts,

and removing the uncertainty of unsettled claims from the marketplace. *See* Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments,* 57 Minn. L.Rev. 83, 84–85 (1972).

of the action that the party will not be prejudiced in maintaining a defense on the merits. *Id.* Third, the party against whom the claim is asserted must know or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. *Id.* Finally, the second and third factors must occur within the period provided by law for commencing the action against the party. *Id.*[2]

The relation back doctrine is also found in the Federal Rules of Civil Procedure and existed as a common law principle. *See* Clif J. Shapiro, Note, *Amendments That Add Plaintiffs Under Federal Rule of Civil Procedure 15(c),* 50 Geo. Wash. L.Rev. 671, 673 (1982). Similarly, the doctrine was recognized in Iowa prior to the adoption of our rules of civil procedure. *See Schofield v. White,* 250 Iowa 571, 583, 95 N.W.2d 40, 46–47 (1959). The federal rule applies the same test as the Iowa rule, but now employs a different time period in which notice of the institution of the action and knowledge of the mistake must occur. Under federal rule 15(c), these conditions must occur "within the [time] provided . . . for service of the summons and complaint." Fed.R.Civ.P. 15(c). By contrast, under rule 69(e), these conditions must occur "within the period provided by law for commencing the action against the party." Iowa R. Civ. P. 69(e).

■ That portion of rule 69(e) pertaining to notice of the institution of the action prior to expiration of the period of time for commencing the action applies by its language only to "the party against whom a claim is asserted." *See id.* Thus, when

the relation back rule is applied to amendments that add a defendant, we strictly adhere to the clear language of the rule and have refused to extend the notice period beyond the time for commencing the action. *See Porter,* 505 N.W.2d at 181–82; *Grant v. Cedar Falls Oil Co.,* 480 N.W.2d 863, 865–66 (Iowa 1992). The consequence of our adherence to the clear language of the rule means that the notice requirement may not be extended by the time provided under rule 49(f) to accomplish service of process following the filing of the petition. *Butler v. Woodbury County,* 547 N.W.2d 17, 20 (Iowa App.1996); *see Grant,* 480 N.W.2d at 865–66. Moreover, we have refused to extend the time period for notice even though the effect of the literal application of the notice language of rule 69(e) is to give newly named defendants the right to receive notice within the statute of limitations, while a properly named defendant has no similar right to be served within the statute of limitations. *See Grant,* 480 N.W.2d at 865; *see also Butler,* 547 N.W.2d at 20; 3 Moore, § 15.19[3][e], at 15–93. Nevertheless, in accepting this anomaly in *Grant,* we followed the rationale adopted in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), when the Court was faced with the identical issue under federal rule 15(c), the federal counterpart to our relation back rule:

We do not have before us a choice between a "liberal" approach towards Rule 15(c), on one hand, and a "technical" interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the

---

**2.** Iowa Rule of Civil Procedure 69(e) provides as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted* relates back if the foregoing provision is satisfied and, within

the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis added).

Rule provides in plain language. We accept the Rule as meaning what it says.

*Grant,* 480 N.W.2d at 866 (quoting *Schiavone,* 477 U.S. at 30, 106 S.Ct. at 2384–85, 91 L.Ed.2d at 28).

In *Porter,* we also observed the arbitrary element of the strict-notice requirement, but acknowledged the observation in *Schiavone* that it was "an arbitrariness imposed by the legislature and not by the judicial process." *Porter,* 505 N.W.2d at 181 (quoting *Schiavone,* 477 U.S. at 31, 106 S.Ct. at 2385, 91 L.Ed.2d at 29). Notwithstanding, this dual-notice standard imposed by rule 69(e) may be justified by a variety of policy considerations, and we do not question the wisdom of the legislature in enacting the rule.[3] *See* Peter A. Zorn, *Rule 15(c) and the Relation Back of Corrected Party Names,* 73 N.C. L.Rev. 2189, 2203–04 (1995).

Although the notice requirement of rule 69(e) is expressly applicable to "an amendment changing the party against whom a claim is asserted," we have followed the advisory committee note to federal rule 15 and extended rule 69(e) to amendments that change plaintiffs. *Ezzone v. Riccardi,* 525 N.W.2d 388, 399 (Iowa 1994); *M–Z Enters., Inc. v. Hawkeye–Sec. Ins. Co.,* 318 N.W.2d 408, 411 (Iowa 1982); *see* Fed. R.Civ.P. 15(c) advisory committee's note (1991). Thus, the issue we now face is whether the same requirement that notice be received prior to the expiration of the statute of limitations, which is expressly applicable to amendments to change the "party against whom the claim is asserted," is implicitly applicable when the rule is applied to amendments that change plaintiffs. If the same notice standard

applies, the amendment in this case cannot relate back, and the district court properly granted summary judgment.

In first recognizing that our relation back rule is also applicable to amendments to change or add plaintiffs, we said:

> If the amendment is made to substitute plaintiffs and the correct defendant is already in the case, the rule also requires that within the period of the statute of limitations the defendant had received sufficient notice of the action to avoid prejudice in maintaining a defense.

*M–Z Enters.,* 318 N.W.2d at 411. We reiterated this position in *Ezzone* when we said that when rule 69(e) is applied to add plaintiffs, "[t]he only requirement is that the named defendants have received sufficient notice of the action during the statute of limitation period." *Ezzone,* 525 N.W.2d at 399–400.

Although a literal application of these pronouncements supports the decision of the district court and the court of appeals to grant dismissal in this case, we were not literally applying the language of the relation back rule in articulating the pronouncements. Instead, we were extending the relation back rule by analogy to amendments that change plaintiffs, and our focus was to ensure such extension would not disrupt the requirement for the defendant to receive fair notice of the action within the statute of limitations period or would not alter the underlying claim to the prejudice of the defendant. *M–Z Enters.,* 318 N.W.2d at 411. We did not consider the issue presented in this case and did not make a broad pronouncement that the notice requirement of rule 69(e)

---

**3.** In response to a host of criticism, Congress amended federal rule 15 in 1991 to require notice to the new defendant within the time period for service of process. *See* 3 Moore, § 15.19[3][e], at 15–93; *see generally* Robert D. Brussack, *Outrageous Fortune: The Case for Amending Rule 15(c) Again,* 61 S. Cal. L.Rev. 671 (1988) (criticizing federal rule 15 and requesting revision by Congress); Joseph P. Bauer, Schiavone: *An Un–Fortune-ate Il-*

*lustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure,* 63 Notre Dame L.Rev. 720 (1988) (same). This amendment effectively overruled the result of *Schiavone,* but does not impact our cases because our Iowa legislature has not amended our rule. *See Butler v. Woodbury County,* 547 N.W.2d 17, 20–21 (Iowa App. 1996).

applied in the same manner to all amendments.

■ Our primary authority for relying on rule 69(e) to determine if amendments to change plaintiffs should relate back to the original pleading was derived from the advisory committee's notes to federal rule 15. *See id.* These notes recognized, as we have in our decisions, that the relation back rule does not expressly apply to amendments changing plaintiffs. *See Ezzone,* 525 N.W.2d at 399; *M–Z Enters.,* 318 N.W.2d at 411. Instead, it is the "attitude" of the rule towards amendments changing defendants that "extends by analogy to amendments changing plaintiffs." Fed.R.Civ.P. 15 advisory committee's note (1966). Thus, the comments to federal rule 15 make it clear that it is the policy behind the rule that should be applied to amendments changing plaintiffs, not the specific requirements of the rule. *Koch,* 188 F.R.D. at 628. When a rule is applied by analogy, we seek to apply the concept supporting the rule and are not constrained to follow the specific language. Thus, we must return to consider the policies of the relation back doctrine to resolve the issue in this case.

As we have discussed, the chief purpose of the notice requirement of the relation back rule is to ensure that any amendment to a pleading made after the statute of limitations has expired does not cause the type of prejudice to the defendant sought to be avoided by the statute of limitations. *See M–Z Enters.,* 318 N.W.2d at 411 (rule requires defendant to receive sufficient notice before statute of limitations expires). At the same time, it is important to remember that the relation back rule must not be applied to permit a statute of limitations defense to be based on "inconsequential pleading errors." Fed.R.Civ.P. 15 advisory committee's note (1991). Thus, these concepts, not the explicit language of the rule, must prevail when the relation back rule is applied to amendments changing plaintiffs.

Generally, fewer problems are encountered when the relation back doctrine is applied to amendments changing plaintiffs than when applied to amendments changing defendants. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 19 (2d Cir.1997); Fed.R.Civ.P. 15 advisory committee's note (1966). This is particularly true when the amendment, as in this case, asserts the same claim as set forth in the petition by the original plaintiff. The reason can be found in the source of the notice requirement under the statute of limitations doctrine.

■ A petition is the document that serves to notify the defendant of the claim for the purposes of the statute of limitations. Thus, when the original petition is filed within the statute of limitations period, the defendant is given all the notice required by the statute of limitations. *See Stoppelman v. Owens,* 580 F.Supp. 944, 946–47 (D.D.C.1983); Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I),* 81 Harv. L.Rev. 356, 410–11 (1967) (relation back for correcting plaintiffs creates less serious problems than relation back for correcting defendants because defendants receive timely notice of the action when the amendment changes plaintiffs). Any subsequent amendment to substitute a plaintiff or correct the name of a plaintiff after the statute of limitations period would not normally defeat the purpose of the statute of limitations as long as the amendment does not assert new facts or issues on which the action is based. *Advanced Magnetics,* 106 F.3d at 19; *Metro. Paving Co. v. Int'l Union of Operating Eng'rs,* 439 F.2d 300, 306 (10th Cir.1971). In addition, no prejudice normally results to a defendant when, as in this case, the defendant fails to receive notice of the original action until service of process occurs after the statute of limitations has expired. The statute of limitations is tolled by the filing of an action, and the notice received by the defendant by the later service of process is

the same notice the defendant would have received if there had been no mistake in naming the plaintiff. *See* Iowa Rs. Civ. P. 48(a) ("a civil action is commenced by filing a petition"); 49(f) (notice informing a defendant that an action has been filed is required to be served upon the defendant within ninety days). Thus, the failure to receive notice within the statute of limitations cannot constitute the type of prejudice protected under the statute of limitations.

■ This lack of prejudice in amendments changing plaintiffs is also recognized in Iowa Rule of Civil Procedure 2. Like the relation back doctrine, rule 2 establishes a lenient approach for the substitution of the real party in interest as a plaintiff after an objection has been lodged by the defendant. *See* 4 Moore, § 17.12[1][b], at 17–61–17–62 (the amendments to federal rule 17, the counterpart to Iowa rule 2, prescribe a lenient approach for substituting as the plaintiff the real party in interest after the defendant's objection). The rule specifically provides that a mistake in the name of a party is to be corrected by ratification, joinder, or substitution of the real party in interest, not dismissal. Iowa R. Civ. P. 2. Moreover, the ratification, joinder, or substitution is given the same effect as if the action had been originally commenced in the name of the real party. *Id.; see Advanced Magnetics*, 106 F.3d at 20 (court should permit substitution of plaintiffs when amendment does not alter the facts of the original petition); *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 93 F.R.D. 858, 867–68 (D.Del.1982) (court will not dismiss case for lack of a real party in interest if amendment is made within a "reasonable time"). Like the relation back doctrine, rule 2 recognizes the lack of prejudice to a defendant when an amendment is made to correctly identify the plaintiff.

The notice required under the relation back doctrine relates to notice that is sufficient to permit a defendant to prepare a defense to an action on the merits. When an amendment to a pleading only changes the identity of a misnamed plaintiff, the relation back doctrine is not concerned with whether the notice of the change occurred within the statute of limitations because the original petition filed within the statute of limitations has already provided the defendant with the type of notice sought under the limitations statute. *See Koch*, 188 F.R.D. at 627–29; Shapiro, 50 Geo. Wash. L.Rev. at 678–80. Thus, prejudice would not normally result by permitting the amendment to relate back. *See Russell v. New Amsterdam Cas. Co.*, 303 F.2d 674, 680–81 (8th Cir.1962) (amendment in wrongful death action brought in plaintiff's own name instead of the name of the legal representative of the deceased did not introduce a new cause of action but was the same action alleged in the original petition and related back to the original petition).[4]

■ We conclude an amendment that substitutes a new plaintiff for the original plaintiff or adds a new plaintiff under rule 2 relates back to the original petition under our analogous application of rule 69(e) when there is no accompanying change in the claims asserted against the defendant and the defendant is unable to show prejudice of the type sought to be avoided by the governing statute of limitations. Although prejudice would not normally occur in such situations, the defendant should be given an opportunity to show prejudice in the event that notice of the misnamed party adversely impacted the policy considerations of the statute of limitations.

---

4. For example, the petition in this case notified Marco he was being sued for injuries suffered by Dorothy Kuhns as a result of their automobile accident at a specific time and place. The petition further described the various theories of recovery, including the specifications of negligence, and detailed the type of damages allegedly sustained. *See* Iowa R. Civ. P. 69; *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 871 (Iowa 1984) ("a petition is sufficient if it apprises the [defendant] of the incident from which the claim arose and the general nature of the action").

This approach is both compatible with rule 2 and the purpose behind the relation back doctrine under rule 69(e). Additionally, it is compatible with our general approach under our rules of civil procedure to freely allow amendments and to allow for trials on the merits. Finally, it is consistent with our approach to the relation back doctrine at common law.

Our holding is limited to amendments to substitute or add plaintiffs when the underlying claim remains unchanged. Amendments that add claims along with new plaintiffs would require an additional analysis consistent with the purpose of rule 69(e) as well as the language of the rule. *See* Shapiro, 50 Geo. Wash. L.Rev. at 680 ("amendments that add plaintiffs with additional claims require a more rigorous analysis," because "there is a greater likelihood that the defendant will be prejudiced").

### IV. Conclusion.

 The district court improperly applied the notice requirement of rule 69(e) to an amendment to add a plaintiff. Under the correct legal standard, the amendment relates back to the time the original petition was filed. Moreover, Marco alleges no claim of prejudice of the type protected by the statute of limitations, and we can find no such prejudice from the undisputed facts. Accordingly, summary judgment was improperly granted. We reverse the decision of the trial court and remand the case for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED.**

McGIVERIN, S.J.,* participates in place of LARSON, J., who takes no part.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).