## IN THE COURT OF APPEALS OF IOWA

No. 14-0579
Filed March 11, 2015

HERITAGE CARE AND REHABILITATION
and MIDWEST EMPLOYER'S INSURANCE
COMPANY,
　　　　Petitioners-Appellants,

vs.

DEBRA TRUE,
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Brad McCall, Judge.


　　　　An employer appeals the district court's judicial review decision affirming

the decision of the workers' compensation commissioner. **AFFIRMED.**


　　　　David E. Schrock and Caitlin R. Kilburg of Scheldrup, Blades, Schrock &

Smith, P.C., Cedar Rapids, for appellants.

　　　　Jean Mauss of Schott, Mauss & Associates, P.L.L.C., Des Moines, for

appellee.


　　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

Heritage Care and Rehabilitation, and Midwest Employer's Insurance Company (employer) appeal the district court's judicial review decision that affirmed the award of workers' compensation benefits to Debra True. The employer asserts the district court and workers' compensation commissioner incorrectly determined that True's claim for permanency benefits was not barred by the statute of limitations. The employer also claims the agency's decision that True sustained a thirty-percent industrial disability is not supported by substantial evidence or is the result of an irrational, illogical, or wholly unjustifiable application of law to the facts. Because we agree with the district court's decision that True's claim is not barred by the statute of limitations and the award of thirty-percent industrial disability is supported by substantial evidence, we affirm.

**I. Background Facts and Proceedings.**

True began working in 2007 as a dietary aide for the employer. She injured her right shoulder while taking out the trash in 2010. Medical treatment was provided for a short time. True did not miss any days of work due to the injury, so no weekly workers' compensation benefits were paid. On March 1, 2011, True filed a petition with the workers' compensation commissioner seeking medical benefits under Iowa Code section 85.27 (2011) for the injury. The case was set for a hearing on February 24, 2012.

Prior to that hearing on January 20, 2012, True filed a motion to amend her petition to include a claim for temporary and permanent disability benefits,

among other things. True also submitted, and the commission accepted, a $100.00 filing fee. The deputy workers' compensation commissioner assigned to this case initially denied the motion to amend concluding, "To allow amendment as claimant moves would be to condone trial by surprise. Claimant may file a separate arbitration petition for hearing at another date." Subsequent motions to reconsider were also denied.

The case proceeded to hearing on February 24, 2012, where the deputy ultimately reconsidered the ruling after it was brought to the deputy's attention that the $100.00 filing fee was paid and accepted with the motion to amend. Because the fee was accepted, the deputy concluded the agency had deemed the motion to amend to be a petition in arbitration, that filing had occurred prior to the running of the statute of limitations, and therefore, True should be permitted to make a claim for weekly benefits. The deputy then continued the hearing until May 21, 2012, to permit the employer time to develop its case to meet the new allegations of permanent disability.

After the hearing, the deputy issued a decision awarding a thirty-percent industrial disability to True. The employer appealed to the commissioner, who summarily affirmed the award of benefits and also affirmed the deputy's decision regarding the motion to amend. The commissioner concluded because True already had a petition on file for the same date of injury, she did not need to file a separate petition to seek weekly benefits but simply needed to amend her petition currently on file and pay the filing fee required. Because True did just

that, the commissioner found True fully complied with the administrative rules regarding the timeliness and form of filing a petition in arbitration.

The employer filed a judicial review petition with the district court challenging the agency's ruling on the statute of limitations issue and the award of benefits. The district court affirmed the agency's decision, and the employer now appeals.

## II. Scope and Standard of Review.

Our scope of review in judicial review cases is for correction of errors at law. Iowa R. App. P. 6.907. Iowa Code section 17A.19 governs judicial review of agency decisions. The district court acts in an appellate capacity when it exercises its judicial review power. *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). We apply the same standards of section 17A.19(10) when we review the district court's decision to determine whether we reach the same conclusions as the district court. *Id.* If our conclusions are the same, we affirm; otherwise, we reverse. *Id.*

Our standard of review depends on the issues raised on appeal. *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). "Because of the widely varying standards of review, it is 'essential for counsel to search for and pinpoint the precise claim of error on appeal.'" *Id.*

The employer's claim that the agency erred in concluding True's motion to amend and $100.00 payment satisfied the requirements of the applicable statute of limitations found in section 85.26 is a challenge the agency's ultimate conclusion. A challenge to the agency's ultimate conclusion is a challenge to the

agency's application of law to facts. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006). Under section 17A.19(10)(m), we review the agency's application of law to the facts to determine if it is "irrational, illogical, or wholly unjustifiable." We allocate some deference to the agency, but less than we give the agency's factual findings. *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009).

The employer also claims the district court erred by concluding substantial evidence supported the agency's findings True sustained a thirty-percent industrial disability. When the challenge is whether substantial evidence supports the agency's decision, our review is governed by section 17A.19(10)(f). As factual findings are clearly vested in the discretion of the agency, "we defer to the commissioner's factual determinations if they are based on 'substantial evidence in the record before the court when that record is viewed as a whole.'" *Id.* (citing Iowa Code § 17A.19(10)(f)). "[T]he question before us is not whether the evidence supports different findings than those made by the commissioner, but whether the evidence 'supports the findings actually made.'" *Id.* (citation omitted).

The employer also challenges the agency's ultimate conclusion that True sustained a thirty percent industrial disability. Again, this challenge is to the agency's application of law to the facts, which under section 17A.19(10)(m) will be reviewed to determine if it is "irrational, illogical, or wholly unjustifiable."

## III. Statute of Limitations.

Iowa Code section 85.26(1) provides:

An original proceeding for benefits under this chapter or chapter 85A, 85B, or 86, shall not be maintained in any contested case unless the proceeding is commenced within two years from the date of the occurrence of the injury for which benefits are claimed or, if weekly compensation benefits are paid under section 86.13, within three years from the date of the last payment of weekly compensation benefits.

Because True was not paid weekly benefits for her injury, she had two years to file for benefits with the commission. True filed a petition with the commission seeking medical benefits on March 1, 2011. Three days prior to the running of the statute of limitations, True sought to amend her petition to add a claim of permanency benefits arising from the same injury. With the motion to amend, True paid the $100.00 filing fee required for petitions seeking weekly benefits; no such filing fee was required for her petition seeking medical benefits only. *See* Iowa Admin. Code r. 876-4.8(2). True's motion to amend was eventually granted by the deputy, who stated at the February hearing, "Unfortunately, once we accepted that check, there was another player, and for that reason, I feel I need to reconsider, and I will accept that as an appropriate filing within the statute." The deputy concluded the motion to amend was "properly deemed as an original notice and petition in arbitration." In the deputy's written ruling following the May hearing, the deputy stated:

Claimant has been paid no weekly benefits for her injury. Claimant filed an original notice and petition for medical benefits on March 1, 2011. She filed a motion to amend the original notice and petition on January 20, 2012, seeking to amend to include a petition in arbitration. Simultaneously with the filing of that amendment, claimant submitted and the division of workers' compensation accepted the $100.00 required as a filing fee for an arbitration petition. Claimant did not file an actual petition in arbitration until February 28, 2012, and then at the direction of the undersigned. Nevertheless, the submission of the filing fee with the motion to

amend to a petition in arbitration coupled with this division's acceptance of the fee were sufficient to toll the statute of limitations as of January 20, 2012.

On intra-agency appeal, the commissioner stated:

> Upon review of the record of this matter it is concluded that claimant fully, as opposed to substantially, complied with the administrative rules relating to the timeliness of her petition and the payment of the applicable filing fee. Claimant filed an original notice and petition (Form 100) on March 1, 2011 seeking benefits pursuant to Iowa Code section 85.27. No filing fee was required for such filing. Prior to the statute of limitations applicable to this date of injury, claimant filed a motion to amend the pending petition (Form 100) to include new issues for arbitration pursuant to Iowa Code section 86.14. At that time 876 IAC rule 4.8(2)(a) required the payment of a filing fee of $100.00. Claimant paid that filing fee on January 20, 2012, prior to the statute of limitations. The division accepted the filing fee and the petition as amended by motion was properly filed. The administrative rules require no further action in order to timely file a petition for arbitration with the division when an existing petition for the same date of injury is already on file. Had claimant not timely paid the filing fee, the administrative rules grant the division authority to toll the statute of limitations to order payment of the filing fee within a limited time. Herein claimant timely filed her amended petition and paid the correct filing fee. The amendment and filing fee were timely and therefore claimant complied with the administrative rules relating to the timeliness of her petition and the payment of the applicable filing fee.

The employer asserts this ruling was in error because True was required to file an original notice and petition for permanency benefits prior to the statute of limitations running, not just a motion to amend. In support of its claim, the employer cites to Iowa Code section 85.26(3) which provides:

> Notwithstanding chapter 17A, the filing with the workers' compensation commissioner of the original notice or petition for an original proceeding or an original notice or petition to reopen an award or agreement of settlement provided by section 86.13, for benefits under this chapter or chapter 85A or 85B is the only act constituting "commencement" for purposes of this section.

However, nothing in this section requires an injured worker to file a separate original notice and petition for each type of benefit the injured worker requests. True did "commence" a proceeding within the applicable two-year statute of limitations for an injury to her right shoulder by filing an original notice and petition on March 1, 2011. This original notice and petition sought only medical benefits at the time, but True later sought to amend that petition to add a request for permanency benefits, among other things. There is no statutory or administrative rule requiring True to file a separate petition for each type of workers' compensation benefit she seeks from the employer arising out of the same injury. The commissioner concluded a motion to amend was the proper procedural course to take when a petition alleging the same injury for the same date against the same employer is already on file, and we agree.[1]

The administrative rule permitting petitions to be amended in workers' compensation cases is identical to the civil procedure rule that governs general civil actions in state court. *Compare* Iowa Admin. Code r. 876-4.9(5) *with* Iowa R. Civ. P. 1.402(4). Both provisions state that leave to amend pleadings are to be freely given when justice requires. "Amendments are the rule and denials

---

[1] The employer spends a great deal of time criticizing the deputy's change in position on the motion to amend and the seemingly conflicting rulings. However, we do not review the deputy's decision when the case is before us on judicial review. We review the final decision of the agency, which in this case is the commissioner's appeal decision. *See Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 647 (Iowa 2013) ("The final agency action in a workers' compensation case is not the deputy's decision, but the decision of the workers' compensation commissioner."); *see also* Iowa Code § 86.24(5) ("The decision of the workers' compensation commissioner is final agency action."). Therefore, we need not address or justify the various rulings of the deputy commissioner on this issue, except to say that the motion to amend was eventually granted by the deputy and the commissioner affirmed this decision concluding the worker fully complied with the administrative rules relating to the timeliness of her petition and the payment of the applicable filing fee.

[are] the exception." *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976). The motion to amend was filed before the statute of limitations had run. The motion added a claim, not a party, to the litigation. The employer was given timely notice of the new claim such that it was not defending a stale claim. The employer was not prejudiced by the amendment because the hearing was continued several months to permit the employer to meet the new allegations. *See Estate of Kuhns v. Marco*, 620 N.W.2d 488, 491 (Iowa 2000) (noting an amendment to a petition relates back to the date of the original pleading so long as it does not offend the policies of the statute of limitations). We conclude the agency's decision to permit the amendment here is not irrational, illogical, or wholly unjustifiable. *See* Iowa Code § 17A.19(10)(m).

**IV. Industrial Disability.**

Next, the employer challenges the agency's award of thirty percent industrial disability to True as not supported by substantial evidence and as an irrational, illogical and wholly unjustifiable application of law to the facts. *See id.* § 17A.19(10)(f), (m). The employer claims the evidence shows True returned to the job she held prior to the injury, has been able to perform that job without restrictions, and does not require further treatment for her injury. The employer asserts this indicates True did not sustain any industrial disability as a result of the injury.

True had an independent medical evaluation (IME) that assigned an eleven percent permanent partial impairment rating due to the limited range of motion and strength deficits in her right arm. The IME restricted True to no lifting

greater than fifteen pounds rarely, ten pounds occasionally, and no lifting over the shoulder or at a full extension. True was also restricted against frequent lifting, pushing, or pulling and restricted from pushing or pulling greater than twenty pounds. The same IME recommended True undergo rotator cuff surgery.

True testified that her job duties have changed since the injury. She no longer unloads the trailer on a regular basis, and when she has helped out on occasion, she will only lift the light items. The cooler/freezer at work has changed since her injury to permit heavier items to be stored closer to the ground. Smaller pans are being used in the kitchen for cooking, and the employees have been instructed to empty the trash cans more frequently to prevent them from getting too heavy. While these changes were not instituted due to her injury, the changes are the reason True has been able to continue to work full time without special accommodations. True also testified she had to quit her part-time job at a bakery due to the injury because she was no longer able to lift the trays of baked goods over her head.

True offered a vocational evaluation opinion, which concluded she had lost access to ninety-six percent of the jobs she had access to prior to the injury. The employer offered its own vocational expert who opined True had a ten to fifteen percent loss of labor market access. The deputy commission found "neither vocational opinion was particularly helpful."[2] The deputy concluded True had residual industrial capacity as she is able to perform her work duties without

---

[2] We note the commissioner, in the appeal decision, summarily affirmed and adopted the deputy's decision regarding the assessment of industrial disability as the final agency decision.

special accommodations, but she has also clearly lost earning capacity as she is now restricted from overhead and heavy work activities. The deputy noted True's age and the fact that she had to give up her part-time work. The deputy also stated that the restrictions imposed would preclude True from some food server and food preparation jobs that were in her prior work experience. The deputy then assigned a thirty percent industrial disability.

We conclude substantial evidence supports the factual findings of the agency and the agency's award of thirty percent industrial disability is not irrational, illogical, or wholly unjustifiable. We therefore affirm the district court's judicial review decision affirming the agency's award in this case.

**AFFIRMED.**