# IN THE COURT OF APPEALS OF IOWA

No. 24-1385
Filed June 18, 2025

**PAYNE DRYWALL, LLC,**
        Plaintiff-Appellant,

**vs.**

**BI-STATE CONTRACTING, INC., and EASTERN IOWA COMMUNITY COLLEGE DISTRICT,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.


        A drywall subcontractor appeals the dismissal of its amended petition seeking judgment against the owner and general contractor for a public construction project. **AFFIRMED.**


        Keisha N. Douglas of Califf & Harper, P.C., Moline, Illinois, for appellant.

        Stephen D. Marso of Whitfield & Eddy, P.L.C., Des Moines, for appellees.


        Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

A drywall subcontractor tried to foreclose a mechanic's lien[1] against the general contractor and the owner of a construction project. But that was impossible because the drywalling was for a public project. This appeal arises from the subcontractor's efforts to amend its petition and proceed instead under Iowa Code chapter 573, which governs public construction projects. *See Star Equip.*, 843 N.W.2d at 452. The general contractor and the owner moved to dismiss the amended petition, alleging the subcontractor failed to meet deadlines required by chapter 573. The district court agreed and dismissed the subcontractor's petition.

The subcontractor appeals, contending the court should have applied the relation-back doctrine, misinterpreted Iowa Code section 573.10 or, alternatively, overlooked evidence to support an equitable estoppel claim. The subcontractor also challenges the court's rulings on its claim of common law fraud and its request for sanctions. Because the district court did not err in granting the motion to dismiss the amended petition and did not abuse its discretion in denying the motion for sanctions, we affirm.

---

[1] A mechanic's lien "secures payment for labor or materials supplied in improving, repairing, or maintaining real property." *See* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 569−70 (3d ed. 2011). Iowa Code chapter 572 (2024) governs mechanic's liens. But mechanic's liens under chapter 572 cannot attach to public projects. *See Rochon Corp. of Iowa, Inc. v. Des Moines Area Cmty. Coll.*, 14 N.W.3d 111, 118 (Iowa 2024). Rather, the security for subcontractors working on public projects lies in Iowa Code chapter 573. *Star Equip., Ltd. v. State, Iowa Dep't of Transp.*, 843 N.W.2d 446, 452 (Iowa 2014) ("Bonds on public projects serve as a substitute for the protection of mechanics' liens.").

## I.     Facts and Prior Proceedings

Eastern Iowa Community College launched a construction project for a career and technical education building on its Muscatine campus in 2021.  After letting bids under Iowa Code chapter 26, the college awarded the building project to Bi-State Construction as the general contractor.  Then Bi-State subcontracted with Payne Drywall to coordinate and provide labor, equipment, and materials "to provide a complete package to hang and finish all drywall needed for the project."

But payment disagreements arose between Bi-State and Payne.  Payne asserts that it completed its work on the project in September 2022, but was still owed $53,280 of the $102,425 billed for its materials and labor.  In November 2022, Payne filed a mechanic's lien against the college's property.  Two months later, Payne petitioned to foreclose its mechanic's lien under Iowa Code section 572.25.

Bi-State answered, denying that it owed Payne the amounts alleged.  The college also answered, denying many of Payne's claims for lack of information.  As an affirmative defense, both Bi-State and the college asserted that Payne failed to state a claim upon which relief could be granted.[2]  About a year later, in January 2024, Bi-State moved for summary judgment, contending that the mechanic's lien filed under Iowa Code chapter 572 was "void, a nullity, and unenforceable" because mechanic's liens do not attach to public property.  In the appendix in support of the summary-judgment motion, Bi-State included the college's Notice of Completion and Final Acceptance of the project—dated November 17, 2023.

---

[2] For ease of reference in this opinion, we will refer to the defendants-appellees jointly as Bi-State.

In response, Payne asked for leave to amend its petition, which the district court allowed. Payne's amended petition asserted: "Pursuant to Iowa Code Chapter 573, Payne Drywall is entitled to and does make a Claim against any retainage and/or applicable bond in the amount of $53,280.10, plus statutory interest at a rate of five percent (5%) per annum, costs and Payne Drywall's attorney fees, pursuant to Iowa Code § 573.21." The amended petition also added a count of common law fraud, alleging Bi-State did not timely disclose the November 17, 2023 Notice of Completion and Final Acceptance and related correspondence.

Upping the ante, Bi-State moved to dismiss the amended petition. Bi-State argued that the first count, now citing chapter 573, was barred by the statute of limitations. And Bi-State argued that the fraud count, based on alleged discovery violations, did not state a viable claim. Payne resisted the motion to dismiss, arguing that Bi-State should be estopped from asserting untimeliness as a defense when the contractor did not inform Payne of the notice of completion until after the deadline for suing under chapter 573. Payne also faulted Bi-State for "improperly seek[ing] to stifle discovery, which will reveal the full extent of their bad faith fraudulent conduct."

In June 2024, the district court held an unreported hearing on Bi-State's motion to dismiss. At that hearing, Payne argued for the first time that its cause of action under chapter 573 related back to its original petition—filed in January 2023—under Iowa Rule of Civil Procedure 1.402(5). In reaction to that new argument, the court asked each side for supplemental briefing.

Bi-State argued that rule 1.402(5) did not save Payne because it "applies only to pleadings filed in court"—not to "non-court practices and procedure, including . . . acts that must occur and deadlines that apply prior to the filing of any lawsuit." Bi-State also asserted that Iowa Code section 573.10 required Payne to file a written claim with the project owner "within 30 days of completion and final acceptance of the project" before filing suit. But Payne did not do so.

The district court granted the motion to dismiss, rejecting Payne's estoppel argument and finding—as a matter of law—that Bi-State did not commit fraud. Payne moved to reconsider, enlarge, or amend, contending that the court "reached outside the four corners of the Amended Petition, weighed the evidence and failed to view the allegations of the Amended Petition in the light most favorable to Payne Drywall as the non-moving party." In a separate motion, Payne sought sanctions against Bi-State. Payne accused Bi-State of misrepresenting the requirements of section 573.10 in its supplemental briefing. Continuing the tense tit-for-tat, Bi-State resisted the motion for sanctions and cross-moved for sanctions against Payne and its attorney. The district court denied the motion to reconsider and Payne's motion for sanctions. The court did not rule on Bi-State's cross-motion for sanctions before Payne filed its notice of appeal.

## II.    Scope and Standards of Review

We review the dismissal ruling for the correction of legal error. *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020). In doing so, we accept as true the petition's "well-pleaded factual allegations, but not its legal conclusions." *Id.* (citation omitted). We construe the petition in the light most favorable to Payne,

resolving any ambiguities in its favor. *See id.* And we affirm the dismissal only if the petition reveals no right of recovery under any set of facts. *Id.*

We review the district court's decision to deny sanctions for abuse of discretion. *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009).

### III. Analysis

Payne contends that the district court committed three errors: (1) dismissing its amended petition, (2) rejecting its claim of common law fraud, and (3) denying its request for sanctions. We will address each argument in turn.

### A. Petition Seeking Chapter 573 Remedies

Payne urges that the district court was wrong in dismissing its amended petition for three reasons. First, in its view, the court misapplied the relation-back doctrine. Payne next argues the court misinterpreted section 573.10. And finally, Payne contends the court erred in finding no evidence to support its estoppel claim.

We start with the relation-back doctrine in Iowa Rule of Civil Procedure 1.402(5). That rule addresses amendments to pleadings. *In re Est. of Glaser*, 959 N.W.2d 379, 383 (Iowa 2021). The rule provides: "[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Iowa R. Civ. P. 1.402(5). Allowing amendments under this rule ensures that the rules do not "allow a mistake in a pleading to determine the outcome of a case." *Est. of Kuhns v. Marco*, 620 N.W.2d 488, 491 (Iowa 2000).

Payne insists that rule 1.402(5) eliminated any concern that its amended petition—relying on chapter 573—was untimely. Bi-State disagrees, stressing that Payne's deadline trouble goes beyond the pleadings.

At issue are the dual filing requirements for subcontractors seeking protection under chapter 573. First comes the process for subcontractors to file claims with the bid-letting authority.

> Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, in the construction of a public improvement, may file, with the officer, board, or commission authorized by law to let contracts for such improvement, an itemized, sworn, written statement of the claim for such labor, or material, service, or transportation.

Iowa Code § 573.7(1). Subcontractors may file such claims with the authorized officer "[a]ny time before the expiration of thirty days immediately following the completion and final acceptance of the improvement." *Id.* § 573.10(1).

The second step is to enforce that claim in court.

> The public corporation, the principal contractor, any claimant for labor or material who has filed a claim, or the surety on any bond given for the performance of the contract, may, at any time after the expiration of thirty days, and not later than sixty days, following the completion and final acceptance of said improvement, bring action in equity in the county where the improvement is located to adjudicate all rights to said fund, or to enforce liability on said bond.

*Id.* § 573.16(1).

As we read its briefing, Payne believes that it satisfied the first step—section 573.7—by filing a mechanic's lien in November 2022, which it describes as written notice to Bi-State and the college of its claim for $53,280. Payne maintains that filing was timely under section 573.10(1) because it came before

the expiration of thirty days following the college's November 17, 2023 Notice of Completion and Final Acceptance.

As for the second step, Payne acknowledges the chapter 573 claim was not ripe for adjudication on January 31, 2023, when it filed its original petition. *See Biermann Elec. v. Larson & Larson Const., LLC*, No.13-0467, 2014 WL 69672, at *3 (Iowa Ct. App. Jan. 9, 2014) (finding action for judicial enforcement under section 573.16 was not ripe because it was filed before the owner's final acceptance of the improvement). But Payne argues that "during the pendency of this action" its enforcement claim under section 573.16 became ripe for adjudication, so the relation-back doctrine applies.

We cannot adopt Payne's meandering interpretation of the relation-back doctrine. First off, Payne filed its lien with the Mechanic's Notice and Lien Registry maintained by the Secretary of State, not with "the officer, board, or commission authorized by law to let contracts for such improvement" as required by section 573.7(1). So even though Payne filed the mechanic's lien before the expiration of thirty days immediately following the final acceptance of the improvement under section 573.10(1), it was not a claim "filed with said officer" as that section requires. *See Missouri Gravel Co. v. Fed. Sur. Co.*, 237 N.W. 635, 639 (Iowa 1931) ("All that needs be done is to ascertain who, on behalf of the commonwealth, let the contract, and all claims are to be filed with that person or organization."); *see also Iowa Supply Co. v. Grooms & Co. Const., Inc.*, 428 N.W.2d 662, 665 (Iowa 1988) ("Iowa law treats claims in public works contracts and claims in private construction projects differently.").

And what's more, rule 1.402(5) has no role in amending documents that are not court pleadings. *See, e.g.*, *W. Iowa Coop. v. Woodbury Cnty. Bd. of Rev.*, No. 05-0989, 2006 WL 1229940, at *3 (Iowa Ct. App. 2006) (finding rule inapplicable to tax assessment protests).

Moving to section 573.16, Payne is not saved from this statute of limitations by the relation-back doctrine. *See Emps. Mut. Cas. Co. v. City of Marion*, 577 N.W.2d 657, 662 (Iowa 1998) ("Section 573.16 is the statute of limitations governing suits on the claims."). Because Payne never filed a proper claim under sections 573.7 and 573.10(1), its section 537.16 action in the amended petition did not arise "out of the conduct, transaction, or occurrence" set forth in the original pleading. *See* Iowa R. Civ. P. 1.402(5). Instead, the proposed amendment "substantially change[d] the issues in the case." *See Willson v. City of Des Moines*, 386 N.W.2d 76, 84 (Iowa 1986). The district court properly determined that the relation-back doctrine did not absolve Payne's failure to meet its statutory obligation to file a claim under section 573.10.

Which is a good segue to Payne's next allegation: that the district court "wrongly interpreted and applied" section 573.10.[3] As Payne points out, the district court found that statute required "claimants to file their claims for payment with the proper officer within thirty days immediately following completion and final acceptance of the improvement." Payne correctly notes that section 573.10 allows claims to be filed "at any time before the expiration of thirty days immediately

---

[3] Bi-State argues that Payne did not preserve error on this argument because it did not raise the objection until its rule 1.904(2) motion. We disagree. Payne set out the timing element of section 573.10 in its amended petition. And Bi-State discussed the deadline in its motion to dismiss.

following the completion and final acceptance of the improvement." But the court's misstatement of the deadline did not impact its ruling. As Bi-State explains, the district court did not dismiss Payne's amended petition because it filed a claim under section 573 *too soon*. It dismissed because Payne never filed a claim under section 573.7 at all. Thus, we find no reversible error on this ground.

Payne's remaining argument is that Bi-State should be estopped from asserting that the subcontractor did not comply with the statute of limitations in chapter 573 because the contractor and college "concealed" the November 2023 Notice of Completion and Final Acceptance until after the deadline for bringing an action under section 573.16. The district court rejected that equitable estoppel argument, finding "there is no evidence to support this claim of concealment."[4] Payne contends that the district court ignored "well-pled facts" supporting its concealment allegations.

True, equitable estoppel provides a vehicle to toll a statute of limitations. *Rivas v. Brownell*, 18 N.W.3d 211, 220 (Iowa 2025). But Payne must prove four elements: (1) Bi-State has made a false representation or has concealed material

---

[4] The district court also stated:

> Pursuant to chapter 573, it is incumbent upon the contractor to check in with that officer regularly to learn whether the certificate of completion was filed. It does not appear [Payne] made such inquiry. Therefore, no fact can be asserted by [Payne] that amounts to the act of concealment. Rather, it is the fault of the contractor in not checking with the bidding officer to see when the project is deemed completed that led to [Payne] missing the § 573.10 filing deadline. The fact that [Payne] did not inquire as to the end date of construction cannot, as a matter of law, be considered concealment on behalf of [Bi-State or the college].

We agree with Payne that this statement was not supported by the pleadings or the statutory language. But we are able to affirm the district court's dismissal without considering that analysis.

facts; (2) Payne lacks knowledge of the true facts; (3) Bi-State intended Payne to act on such representations; and (4) Payne relied on such representations to its prejudice. *See Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005). We need not consider Payne's concealment allegations because its equitable estoppel claim fails on the second element—Payne did not lack knowledge of the true facts. As Bi-State argues, Payne had access to publicly available information and Bi-State's earlier document production indicating that the construction project was owned by a public entity and thus subject to Iowa Code chapter 573. Nothing prevented Payne from meeting the deadlines in that chapter. The subcontractor simply made a legal mistake in proceeding under chapter 572 instead. Equitable estoppel does not prevent dismissal.

### B. Common Law Fraud

In its amended petition, Payne added a count of common law fraud. Those new allegations stated: "In the event this Court determines Payne Drywall is not entitled to relief under Iowa Code Chapters 573 or 572, Payne Drywall asserts a claim of fraud against Bi-State and the [college]." Payne then cited a discovery rule requiring parties to make supplemental disclosures of any matter that "bears materially upon a claim or defense asserted by any party to the action." Iowa R. Civ. P. 1.503(4). As with its equitable estoppel claim, Payne rested its common law fraud claim on Bi-State's alleged failure to timely disclose the November 2023 Notice of Completion and Final Acceptance. The district court found "as a matter of law, Defendants cannot be charged with fraud in concealment when they disclosed the notice in a timely manner."

On appeal, Payne contends the court erred in finding that Bi-State disclosed the notice of acceptance within the applicable discovery deadlines. We affirm but on different grounds. *See Newell v. JDS Holdings, L.L.C.*, 834 N.W.2d 463, 470 (Iowa Ct. App. 2013). In its motion to dismiss, Bi-State argued that "the proper vehicle to address alleged discovery violations is in a request for discovery sanctions under rule 1.517, not in a cause of action filed in the same case." Bi-State renews that argument on appeal, contending that the discovery sanctions listed in rule 1.517 do not include a new tort claim. We agree. *See Rockette Trucking & Constr., Ltd. v. Runde Auto Grp. of Iowa, Inc.*, No. 19-1163, 2020 WL 1888773, at *2 (Iowa Ct. App. Apr. 15, 2020) (discussing sanctions available under rule 1.517); *Novembre v. New Jersey Nets*, No. A-2336-20, 2022 WL 17971988, at *4 (N.J. Super. App. Div. Dec. 28, 2022) (rejecting plaintiffs' assertion that a discovery violation by adverse counsel supports a fraud claim). Dismissal of the common law fraud claim was proper because it failed to state a claim upon which relief could be granted. Iowa R. Civ. P. 1.421(1)(f).

**C. Sanctions**

Finally, Payne contends that the district court abused its discretion in denying its motion for sanctions under Iowa Rule of Civil Procedure 1.413(1).[5]

---

[5] That rule provides:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation . . . . If a motion, pleading, or other paper is signed in violation of this rule,

That rule has three components: (1) reading the pleadings, (2) reasonable inquiry into the facts and law, and (3) acting with proper motives. *See Dupaco Cmty. Credit Union v. Iowa Dist. Ct.*, 13 N.W.3d 580, 590 (Iowa 2024).

In support of sanctions, Payne accuses Bi-State of making "several misrepresentations" to the district court with the intent to delay the litigation, increase costs, and avoid adjudication on the merits of Payne's claims. In chronicling those alleged misrepresentations, Payne returns to Bi-State's characterization of the time limits in section 573.10. Payne contends that Bi-State misled the court by representing that provision as requiring that a claim be filed "within 30 days of completion and final acceptance of the project" when the actual language allowed filing at "any time before the expiration of thirty days immediately following the completion and final acceptance of the improvement." *See* Iowa Code § 573.10(1).

Bi-State denies having mischaracterized the deadline. It compares its paraphrasing of the statutory language to our court's phrasing in *Biermann Electric*: "At a minimum, subcontractors must file claims within thirty days of completion and final acceptance of the improvement." 2014 WL 69672, at *3. And Bi-State insists that its formulation did not mean that a claimant could not file a claim *before* the notice of completion and final acceptance.

---

the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee. The signature of a party shall impose a similar obligation on such party.

Iowa R. Civ. P. 1.413(1).

We find no abuse of discretion in the district court's denial of Payne's motion for sanctions. Even if Bi-State's paraphrasing could have been more precise, it was objectively reasonable under the circumstances. Payne cannot show that the arguments were made in bad faith. Plus, the statutory language was available to the district court to interpret for itself. We find no misconduct warranting a sanction. *See In re Est. of Bisignano*, 991 N.W.2d 135, 142 (Iowa 2023).

**AFFIRMED.**